### MURRAY & MASON v. SNOW.

**Payment:** COMPOSITION WITH INSOLVENT. The rule that the acceptance of a less sum than due in payment does not operate as a satisfaction of the debt, does not apply where a creditor, together with other creditors, agrees with a debtor in failing circumstances to accept in satisfaction a composition or sum less than their demands. The payment of such a composition is bar to an action for the balance of the debt.

*Appeal from Pottawattamie Circuit Court.*

FRIDAY, OCTOBER 24.

THE plaintiffs brought this action against defendant upon an account for tobacco sold him September 30, 1870, to the amount of $596.50, with a credit indorsed August 12, 1871, for $298.25 cash paid. The defendant, for answer, denied the indebtedness, but admitted the purchase of the tobacco, and averred its payment, October 31, 1870, by note, which was accepted in full satisfaction.

The plaintiffs then amended their petition, and averred that after the purchase of the tobacco, and on October 31, 1870, the defendant executed his note therefor, payable sixty days after date, a copy of which is set out; and also averred that they were still the owners of it; that August 12, 1871, defendant paid on said note $298.25, but which is not indorsed as a credit upon it; that said note is in possession of the defendant, who obtained it by false and fraudulent representations; that he, being largely indebted, had been able to compromise with all his creditors at fifty cents on the dollar, and that in such compromise no creditor should receive more than fifty cents on the dollar; while, in truth and in fact, defendant had not been able to compromise with all his creditors at fifty cents on the dollar, but had paid some of them more than that rate, and that at the time defendant obtained possession of the note there was still due thereon $325, for which they ask judgment. The defendant, for answer to the amended petition, denied each allegation thereof, and averred that the note had been fully paid off, satisfied and surrendered. Upon a trial to the court, the following facts were found:

1. That prior to October 31, 1870, the defendant was indebted to the plaintiffs in the sum of five hundred and ninety-six dollars and fifty cents, and upon that date gave to plaintiffs the note sued on.

2. That about July 1, 1871, the defendant, being in insol-

vent circumstances, made a verbal contract with the plaintiffs, by the terms of which he agreed to pay, and the plaintiffs agreed to accept, fifty per cent of said note in full satisfaction thereof.

3. That on the 10th day of August, 1871, he paid to the plaintiffs fifty per cent of said note, which was accepted by plaintiffs in full satisfaction of said note, and said note was surrendered to the defendant.

4. That at the time said payment was made, plaintiffs indorsed on the back of said note the words and figures fol lowing : " Received of R. P. Snow, August 10th, 1871, two hundred and ninety-eight dollars and twenty-five cents ($298.25), being fifty per cent of the principal of the within note, and payable in full of the same, as per agreement of Murray & Mason with R. P. Snow.   Dated at Chicago, Ill., July 1st, 1871."   (Signed.)

5. That after said note was delivered to defendant, he can-celed the same by tearing the signature therefrom.

6. That there was no fraud in the contract of July 1, 1871, between plaintiffs and defendant, as above mentioned.

And as a conclusion of law, based on the foregoing facts, the court finds that the plaintiffs are entitled to judgment for the balance due on said note, to wit : the sum of three hundred and fifty dollars.   To each of which findings and conclusions of law the defendant at the time duly excepted.

The defendant appeals, and assigns for error the rendition of the judgment for plaintiffs upon the facts.

*Montgomery & James* for the appellant.

*Sapp, Lyman & Hanna* and *V. A. Gregg* for the appellee.

Cole, J. — The doctrine that the agreement to accept and the actual acceptance of a part of a debt then due, in full discharge for the whole, is not binding, because of the want of consideration, and will not, therefore, bar an action for the balance, was first established by the case of *Cumber* v. *Wane*,

1 Strange, 426; S. C., 1 Smith's Lead. Cas. 146 (5th Am. ed. 439). That case has been often followed, and, although it has been said that the doctrine is technical and not very well supported by reason, and has, therefore, been frequently departed from on slight distinctions (see *Harper* v. *Graham*, 20 Ohio, 105, and cases there cited), it has nevertheless been often re-affirmed, and still stands as a vital general doctrine. But the case at bar is not within that rule. It is said by the learned author of Smith's Leading Cases, in his notes to *Cumber* v. *Wane* (vol. 1, 149 [443 of 5th Am. ed.]), that "there is another class of cases, also, of frequent occurrence, and of great practical importance, which are exempted from the general doctrine laid down in *Cumber* v. *Wane*, though once supposed to fall within it; those, *videlicit*, in which a debtor has induced a number of his creditors to accept a composition amounting to less than their entire demand. Such an agreement, if entered into by a number of creditors, each acting on the faith of the engagement of the others, will be binding upon them; for each, in that case, has the undertakings of the rest as a consideration for his own undertaking. *Ray* v. *White*, 3 Tyrwh. 596; 1 C. & M. 748 S. C. (acc. *Daniels* v. *Hatch et al.*, 1 Zab. 391, 394), and *Aikin* v. *Price*, 1 Dudley, 50; and it is not necessary that *all* the creditors should enter into the agreement (*Norman* v. *Thompson*, 4 Excheq. 755); and so of an agreement to give time. *Goode* v. *Cheeseman*, 2 B. & Ad. 328."

And in *Cutter & Co.* v. *Reynolds*, 8 B. Monr. 596, the court use this language: "It is true the doctrine is well settled that where one creditor, by undertaking to discharge his debtor, induces other creditors to accept a composition and discharge the debtor from further liability, he could not afterward enforce his claim, since it would be a fraud on other creditors." In the case of *Wood* v. *Roberts*, 2 Starkie, 417; S. C., 3 E. C. L. Rep. 470, Abbott, L. C. J., said: "If the plaintiff had, by his undertaking to discharge the defendant induced any other creditor to accept a composition and discharge the defendant from further liability, he could not

afterward enforce his claim, since it would be a fraud on that creditor." In *Steinman and others* v. *Magnus*, 2 Campbell 124, the defendant offered in evidence an agreement in writing, signed by plaintiffs and other creditors of defendant, to accept from him twenty pounds per cent in full payment and satisfaction of their several debts, and also offered to prove that he had paid the composition pursuant to the agreement. This evidence was rejected by the *nisi prius* court, and the plaintiffs had a verdict. But after full argument upon a motion to show cause against a new trial, all of the judges " were clearly of the opinion that the facts offered to be proved on the part of the defendant amounted to a good defense at law to the action," and a new trial was ordered. To the same effect is *Bradley* v. *Gregory*, 2 Campbell, 383 ; and in *Boothby and others* v. *Sowden*, it was held that an agreement to give time signed by the creditors suspended the remedy until the time elapsed ;" and that " there was a sufficient consideration for each of the creditors entering into this agreement, that it was subscribed by all the others." To the same effect are many other cases, both ancient and modern.

It appearing, therefore, from the pleadings and the findings of fact, that the plaintiffs and the other creditors of the defendant who was in insolvent circumstances, and without any fraud on his part, agreed to accept fifty cents on the dollar in full satisfaction for their respective claims, and that the plaintiffs had been paid such composition in full, and had surrendered the note of the defendant held by them, pursuant to their agreement, they cannot maintain this action. The judgment should have been for the defendant. The authorities cited by plaintiff's counsel, including *Burge* v. *Koop*, 48 N. Y. 225, are simply in accord with the general doctrine of *Cumber* v. *Wane*. This case, as we have seen, is exempted from that general doctrine.

Reversed.