MELLEN and others vs. GOLDSMITH.

*Oral agreement as to composition deed.*

If a creditor, after an oral agreement with the debtor and *with other creditors* to join with the latter in executing a composition deed at a specified rate, and after such deed has been executed, in pursuance of the agreement, by such other creditors, refuses to sign it, he can recover only the rate fixed in the agreement.

APPEAL from the County Court of *Milwaukee* County.

The plaintiffs, merchants in New York city, brought this action against the defendant, a merchant doing business in the city of Milwaukee, upon a note and a book account for goods sold, with interest from the dates when they respectively became due. The defense was, that plaintiffs, by agreement with defendant and his other creditors, had become bound to accept in satisfaction of their said claims sixty per cent. thereof in three installments payable respectively in three, six and nine months from November 1, 1877, without interest, secured by defendant's indorsed notes, or fifty per cent. in cash payable November 15, 1877; that plaintiffs afterwards refused to elect and inform defendants whether they would accept the cash or the notes under said agreement; and that defendant had tendered plaintiffs sixty per cent. of the amount of their claims, had ever since kept the money ready for them, and now brought it into court for their use.

The evidence was voluminous, and will not be stated.

The court instructed the jury as follows: "It appears that plaintiffs, with a large number of other business men, living in the cities of New York, Boston, Philadelphia and elsewhere, are creditors of the defendant; and that defendant, being in embarrassed circumstances, visited his creditors in the city of New York with a view of affecting a compromise. It appears that, in pursuance of that idea, he called upon the plaintiffs, and that upon their suggestion, according to the testimony of the defendant, a meeting of creditors was called in New York city, at which the plaintiffs were present, or one of the plaintiffs was present representing the firm, and a large number of other creditors. You have heard what occurred at that meeting, and what were the results of the deliberations of the creditors assembled there; and you have also heard what took place, and what defendant did, after the assembling of that meeting, and the resolution passed there with a view of effecting a compromise at sixty cents upon the dollar. It appears

from the uncontradicted testimony, that defendant subsequently went to his creditors, and procured the signatures of all the other creditors to the compromise paper in evidence here, and then went to these plaintiffs and requested them also to sign it; and they refused to sign unless he would give ten cents in addition to the compromise agreed by all the creditors and agreed to be received by those present at the meeting. . . . The only question is, whether, the plaintiffs having failed to sign the compromise paper itself, there are other facts outside of it sufficient to satisfy you that it was entered into with their assent and with their approbation, or by reason of their acts with reference to it giving defendant and the other creditors to understand that, after all the others signed the paper, they would sign it also; whether those acts will preclude them from recovering the whole amount of their claim; whether they are estopped now from claiming any more than the other creditors. . . . This is the only question in the case, and more a question of law than anything else; and although, from the examination I have given it, the question is not entirely free from doubt, yet it is one of those cases in which, if plaintiffs would not be estopped from now demanding more than the other creditors, under the circumstances, it would be a fraud upon the other creditors. That is, if defendant, after all that took place there, according to the facts and circumstances of this case, if he, after having obtained the signatures of all the other creditors, had then, with a view of securing this one creditor, offered to give him ten cents more upon the dollar, or agreed to give ten cents more upon the dollar to obtain his signature to the paper, it would have been a fraud upon the other creditors. It is naturally understood by all the other creditors, where they accept a compromise, that it is upon an equal footing; and these compromises are held to be binding when made; and when one is given more than the others, it is considered a fraud upon the balance of the creditors. Therefore, if plaintiffs acceded to the proposition, either by word

of mouth, or by representation to defendant and the other creditors; or if by their acts with reference to this whole transaction, taking into consideration what took place at and after the meeting, they led defendant and the other creditors to believe that they were satisfied with that compromise and would abide by it — they were estopped, after the others had signed it, from refusing to carry out the arrangement, and cannot now recover anything in addition to what the other creditors received. . . . If, however, plaintiffs not only have never signed this compromise, but never agreed to sign it, or [if they] made it manifest to defendant, and the other creditors who were present understood, that they never intended to sign it, then they were not bound by the action of the other creditors, and are entitled to recover the full amount of their claim; otherwise defendant is entitled to a verdict."

Instructions were asked for plaintiffs, and refused, the substance of which was, that the oral agreement set up in the answer was invalid and no defense.

There was a verdict for the defendant; a new trial was denied; and from a judgment pursuant to the verdict, plaintiffs appealed.

The cause was submitted for the appellants on the brief of *J. F. McMullen.* He contended, 1. That the utmost that was shown by defendant's evidence, was an oral statement by one of the plaintiffs, made before the creditors' meeting was held, that whatever that meeting should decide to do, he would abide by; that there was no evidence of a subsequent agreement by plaintiffs, either at or after the meeting, to compromise on the terms there voted, but clear evidence that *Mellen* reserved the question for further consideration, and, immediately after the meeting, when the other creditors were signing the written compromise, refused to sign it. 2. That such oral agreement was not a valid contract. *Lowe v. Eginton,* 7 Price, 604; *Palmer v. Yager,* 20 Wis., 92, 100. Counsel further cited and distinguished *Lathrop v. Knapp,* 27 Wis.,

225; *Johnson v. Parker*, 34 id., 596; *Wood v. Roberts*, 2 Starkie, 417. 3. That the court erred in rejecting evidence offered by plaintiffs, first, of what actually occurred at the creditors' meeting; second, of facts tending to show that defendant procured the compromise by fraudulent concealment of assets, which would have avoided the agreement (*Vine v. Mitchell*, 1 Moody & Rob., 337; *Wenham v. Fowle*, 3 Dowl. P. C., 43); and third, of admissions by defendant, long after the date of the compromise, showing that he then understood that plaintiffs had never agreed to it. 4. That the court erred in its charge to the jury: (1) In stating that the compromise was agreed to by *all the creditors*. (2) In stating that, "if plaintiffs would not be estopped from now demanding more than the other creditors, under the circumstances, it would be a fraud on the other creditors:" an instruction which virtually took the case from the jury. True, other parts of the charge are inconsistent with this; but the judgment should be set aside because it is not certain to which part of the charge the jury gave heed. *Imhoff v. Railway Co.*, 20 Wis., 344; *Wells v. Perkins*, 43 id., 160; *Regan v. The State*, 46 id., 256; *State v. Snell*, id., 524.

For the respondent, there was a brief by *Carpenter & Smiths*, and oral argument by *Winfield Smith*. They argued, among other things, 1. That an agreement between a debtor and his creditors for a composition need not be in writing, but may be proved by any words or acts equivalent to a promise, or estopping the parties to deny a promise. *Butler v. Rhodes*, 1 Esp., 236; *Fawcett v. Gee*, 3 Anst., 910; *Bradley v. Gregory*, 2 Campb., 383; *Good v. Cheesman*, 2 B. & Ad., 328; *Wood v. Roberts*, 2 Starkie, 417; *Anstey v. Marden*, 1 Bos. & Pul., N. R., 124; *Gardner v. Lewis*, 7 Gill, 377; *Browne v. Stackpole*, 9 N. H., 478; *Fellows v. Stevens*, 24 Wend., 294; *Paddleford v. Thacher*, 48 Vt., 574; *Gauger v. Pautz*, 45 Wis., 449; *Lathrop v. Knapp*, 27 id., 227; *Perkins v. Lockwood*, 100 Mass., 250. 2. That the evidence re-

jected, being portions of the answers in certain depositions, was properly rejected as not responsive to the interrogatories.

ORTON, J. There was testimony tending to show that the appellants verbally agreed with the respondent and his other creditors that they would compromise their claims against him, and sign a deed of composition for sixty cents on the dollar, in consideration and upon the condition that the other creditors would do so; and that the other creditors did so compromise and sign such deed, and the appellants refused to so do, and refused to accept such per cent. in satisfaction of their claim tendered for such purpose by the respondent.

The jury probably and very properly might have found their verdict upon this evidence, and this court ought not to disturb the verdict upon the mere weight or preponderance of the evidence.

The evidence relating to the proceedings of the creditors' meeting, and their action upon the proposition of the respondent, is not material, when it was shown — and it is not disputed — that immediately thereafter all of the creditors except the appellants signed the composition according to the agreement which the jury must be presumed to have found was so made by the parties and the other creditors.

The exceptions taken to the rulings of the court in admitting or rejecting testimony, and in giving or refusing to give instructions to the jury relating to such meeting or its proceedings, are therefore immaterial, and will not be further considered.

The instructions given clearly express the law upon the legal effect of such an agreement, and submit to the jury the question of fact; and, although there may be some clauses and abstract propositions of law not strictly correct, the charge taken together and fairly construed did not, we think, mislead the jury upon the material question in the case.

The really important and only material question here is, Was

this agreement valid and binding upon the appellants, so that its performance by the other creditors and the respondent, in respect to their claims, and the offer of performance by the respondent in respect to the claims of the appellants, constitute a valid defense to this action, brought to recover the full amount?

The validity of such an agreement does not depend upon the technical and strict rules which govern accord and satisfaction, release and discharge, but upon principles of equity, which treat the violation of or failure to execute such an agreement as a fraud, not only upon the debtor, but more especially upon the other creditors, who have been lured in by the agreement to relinquish their further demands, upon the supposition that the debtor would thereby be discharged of the remainder of his debts. In *Anstey v. Marden*, 1 Bos. & Pull., 124, the plaintiff at one time orally agreed with the other creditors to accept a composition of ten shillings on the pound, and to assign his claim to Weston, who was to advance the money; but when the agreement was drawn up he refused to sign it, although the other creditors had signed it and received their money. ROOKE, J., said: "Anstey is not the only person here concerned. If he were suffered to recover, he would be guilty of a gross fraud on the other creditors."

In *Norman v. Thompson*, 4 Exch., 755, the plaintiff verbally agreed with the debtor defendant and a part of his other creditors, that he would accept ten shillings on the pound for his claim, if they would do the same, and afterwards refused to carry out the agreement. Upon demurrer to the replication of the plaintiff, averring that he did not so agree, *modo et forma*, POLLOCK, C. B., said: "I do not think there is any ground for doubting that such an agreement is binding. It is a good consideration for one to give up part of his claim, that another should do the same."

In *Bradley v. Gregory*, 2 Campb., 383, the plaintiff verbally agreed with the debtor and the other creditors to execute

a composition deed, containing a clause of release, for and by the payment of ten shillings on the pound of his claim, if the other creditors would do so, and then, upon the execution of the deed by the other creditors, he refused to sign it. Lord ELLENBOROUGH said: " I think the agreement in the present case operates as a satisfaction. But it is said the agreement is executory, and therefore can be no bar. I think it is exe- cuted. Everything on the defendant's part was performed. As far as depended upon him, there has been satisfaction as well as accord. It is the plaintiff's own fault that he has not enjoyed the full benefit of all that he stipulated for. It would be unjust if the defendant could be sued in this action; and I am of opinion that, in point of law, the action is not maintainable."

In *Wood v. Roberts*, 2 Starkie R., 417, in which the facts are similar to those here, ABBOTT, L. C. J., said: " If the plaintiff had, by his undertaking to discharge the defendant, induced any other creditor to accept a composition and dis- charge the defendant from further liability, he could not afterwards enforce his claim, since it would be a fraud upon that creditor."

In *Butler v. Rhodes*, 1 Esp., 236, the plaintiff and the other creditors had agreed with the defendant to sign a deed of com- position for ten shillings on the pound; and after the other creditors had signed, the plaintiff refused to do so. Lord KENYON said that " it therefore never should be allowed to the plaintiff to recede from what he had undertaken, and to evade the effect of the composition by a refusal to execute the deed which had been prepared with his consent," and directed the jury to find for the defendant.

Anything I could say in elaboration of this doctrine so authoritatively established and so tersely expressed by these great masters of the law, might weaken its force, and it is sufficient further to· say that this equitable doctrine has been followed almost uniformly by the courts. *Fellows v. Stevens,*

24 Wend., 294; *Browne & Co. v. Stackpole*, 9 N. H., 478; *Paddleford v. Thacher*, 48 Vt., 574; *Gardner v. Lewis*, 7 Gill, 377; *Farrington v. Hogdon*, 119 Mass., 453; *Murray v. Snow*, 37 Iowa, 410.

*By the Court.*—The judgment of the county court is affirmed, with costs.