### In re McBACHRON.

(District Court, E. D. Wisconsin. July 14, 1902.)

1. BANKRUPTCY—DISCHARGE—CONCEALMENT OF BOOKS.

Under Bankr. Act 1898, § 14b, providing for discharge unless the bankrupt, with fraudulent intent to conceal his true financial condition and in contemplation of bankruptcy, destroyed, concealed, or failed to keep books of account from which his true condition might be ascertained, a discharge should be denied, the bankrupt, though keeping books showing all shipments, having failed to produce them till investigation showed their existence, and then having produced only one original book, and not that containing shipments to his son, who started a business two months before the petition, but a copy containing only part of the shipments to him, and having, on discovery of this, stated that the omitted shipments were made with agreement that the son should offset the proceeds therefrom against claimed shortages in other shipments, and that the omission in the copy was to save inquiry and explanation.

In Bankruptcy. On objections to discharge.

Greene, Fairchild, North & Parker, for objecting creditors.
Wigman, Martin & Martin, for bankrupt.

SEAMAN, District Judge. The bankruptcy act is liberal in its provisions for a discharge of the bankrupt from his debts, and that spirit must be observed and carried out in the consideration of objections thereto. If it plainly appears, however, that the applicant has intentionally and substantially violated the act in either of the particulars stated in section 14b, the duty of the court is equally clear to deny the benefits of a discharge, and I am constrained to the opinion that the testimony establishes such violations in the present case. The petition for voluntary bankruptcy was filed June 14, 1891, and the petitioner was a wholesale lumber dealer at Green Bay, who had carried on business for about three years. His assets were less than one-third the indebtedness, mainly contracted during the preceding year, and he testifies that this insolvency was produced more than a year previous, through contracts with Chicago purchasers of lumber. About two months prior to the filing of his petition the bankrupt's son, a young man living with him, serving as his bookkeeper, and having no substantial capital, opened a retail lumber business at Depere in his own name, and cars of lumber purchased by the bankrupt were reshipped and sold to the son, and presumably accounted for; but a lot of so-called "planing mill culls," for which there was no wholesale market price, were consigned by the bankrupt to the son for sale on account of the former. Shipping books were kept by the bankrupt showing all shipments of lumber from the yards by rail, including those to the son, and such books were neither turned over nor produced by him until their existence appeared on the investigation of his affairs; and thereupon, while one original book was produced, that which contained the shipments to the son was not produced, but a similar blank book was filled out and substituted for it. When the fact appeared that it was not the original, the bankrupt testified, in substance, that he made the copy from the original, and included all the entries therein, except the shipments of "planing mill culls" to the son; that he had agreed with his son, after making such consignments, that he would offset any proceeds against shortages claimed by the son out of other lumber shipments; and that the original entries were omitted in the copy to save inquiry and explanation. The transactions with the son were all open to suspicion, and called for full disclosure. The concealment of the book relates to all of them, but the imposition of a copy omitting the shipments of culls, and the intentional failure to disclose that transaction, were flagrant violations of the act, for which a discharge of the bankrupt must be denied. The objections founded thereon are sustained, and other objections which are urged, and in some measure supported by the proofs, do not require consideration.

The application for a discharge, therefore, is denied.