## ATLAS ENGINE WORKS ET AL. *v.* FIRST NATIONAL BANK OF SEYMOUR.

[No. 7,556.   Filed March 13, 1912.   Rehearing denied May 31, 1912.]

1. COMPOSITIONS WITH CREDITORS.—*Pleading.*—*Answer.*—*Presumption as to Signing Agreement.*—In an action on a promissory note, where an answer was based on an alleged written composition agreement with defendant's creditors, but failed to aver that plaintiff signed such agreement, the presumption is that plaintiff did not do so.   p. 552.

2. COMPOSITIONS WITH CREDITORS.—*Form.*—*Requisites.*—A composition agreement is not required to be in writing.   p. 552.

3. COMPOSITIONS WITH CREDITORS.—*Written Agreement.*—*Effect as to Creditor Not Signing.*—Where a written composition agreement is not signed by one of the creditors, it may still be binding upon him if he either directly or indirectly agreed with the other creditors that he would settle his claims against their common debtor on the terms and under the conditions thereof.   p. 552.

4. COMPOSITIONS WITH CREDITORS.—*Secret Preferences.*—*Effect.*— Where a creditor, who has not signed a composition agreement, agreed to settle with the debtor upon the terms and conditions

thereof, and the creditors signing the agreement are thereby induced to make a settlement on its terms in the belief that he is settling on the same terms, any secret arrangement with the debtor whereby he is to obtain an advantage over the other creditors is such fraud as vitiates the whole agreement; but where he has in no way agreed to abide by the terms of such agreement, he may proceed to settle his claim in his own way and is permitted to retain any advantage he may obtain thereby. p. 553.

5. COMPOSITIONS WITH CREDITORS.—*Agreement.—Consideration.*— The consideration on which a composition agreement rests consists of the mutual promises between the creditors themselves, whereby they each agree for the benefit of all to forego some right which they might enforce against their common debtor. p. 553.

6. COMPOSITIONS WITH CREDITORS.—*Parol Agreement.—Pleading.— Answer.—Counterclaim.—Sufficiency.*—In an action on a promissory note, where defendants contended that it was void as being a secret preference over other creditors under a written composition agreement, a paragraph of answer and a counterclaim alleging that plaintiff was requested to grant defendant an extension of time and accept notes for defendant's indebtedness under and in accordance with such agreement, and that plaintiff refused to do so without having and receiving an advantage over such other creditors, but which failed to allege that plaintiff had signed such agreement, were each insufficient to show that plaintiff had entered into the composition agreement by parol, in the absence of averments that the settlement with any other creditor depended upon or was made on the faith of the settlement with plaintiff or that any of the other creditors were influenced thereby.   p. 554.

From Superior Court of Marion County (78,355) ; *James M. Leathers,* Judge.

Action by the First National Bank of Seymour, Indiana, against the Atlas Engine Works and another.   From a judgment for plaintiff, the defendants appeal.   *Affirmed.*

*Newman Northrop, Levinson & Becker, Chester E. Cleveland* and *Edmund B. Walker,* for appellants.

*Charles F. Remy* and *James M. Berryhill,* for appellee.

LAIRY, J.—This appeal is prosecuted from a judgment rendered in favor of appellee on a note alleged to have been

executed by appellants. The complaint was in two paragraphs, the first charging that appellants jointly executed the note and the second alleging that it was executed by the Atlas Engine Works as principal and Hugh H. Hanna as surety. No question is raised as to the sufficiency of the complaint. The defendants filed a joint and several answer, to which a demurrer was sustained, and the Atlas Engine-Works filed a counterclaim, to which a demurrer was also sustained. The defendants refused to amend or plead further, and judgment was rendered for plaintiff. The errors assigned and relied on call in question the correctness of the ruling of the trial court in sustaining the demurrers to these pleadings.

Appellants claim that the facts stated in their answer show that the note sued on is void, for the reason that it was executed in pursuance of a composition agreement entered into between the Atlas Engine Works and its creditors, of which the appellee was one, and that as a condition to entering into such agreement, appellee required of the debtor, and the debtor gave to appellee, a secret preference and advantage over the other creditors of said Atlas Engine Works, who were parties to such agreement, and who had no knowledge of the secret advantage obtained by appellee.

From the averments of the answer it appears that in the year 1907 the Atlas Engine Works was a manufacturing corporation, having an extensive business, and that it had become largely indebted to numerous persons and corporations, in the aggregate amount of more than $2,000,000, a large part of which was due, and that for want of available funds it was unable to meet or pay said indebtedness as it matured, and that if its creditors had insisted on the payment of their debts as they severally became due it would have been forced into bankruptcy or into the hands of a receiver, and its property would have been sacrificed and the creditors would have received much less than the face of their several claims.

It is further averred that the Atlas Engine Works opened negotiations with its creditors with a view to obtaining the necessary extension of time, and that a certain composition agreement was entered into with substantially all of its creditors, whereby it was agreed that its indebtedness should be extended and come due in five instalments, as therein specified; that notes of the Atlas Engine Works were to be executed for said instalments, falling due six, nine, twelve, eighteen and twenty-four months after date, respectively, which the creditors were to accept, and cancel and surrender the indebtedness due to them respectively and the evidence thereof.

This agreement is in writing, and is filed as an exhibit to the answer, but it is not averred that appellee signed it. An examination of the contract shows that it purports to be entered into by those who sign it. Following the introductory part of the agreement, this statement occurs: ''Now, therefore, the undersigned firms, individuals and corporations hereby covenant and agree with each other as follows, viz:'' after which follow the various provisions of the agreement. As it is not averred that appellee signed this written agreement, the presumption is that it did not do so. It cannot be said that appellee would be bound by this agreement, or that it would be a party to the composition, unless it appears from the other averments of the answer that it agreed with the other creditors of the Atlas Engine Works to be bound by its terms. A composition agreement is not required to be in writing, and such an agreement, though resting in parol, is valid. *Chemical Nat. Bank* v. *Kohner* (1881), 85 N. Y. 189; *Browne* v. *Stackpole* (1838), 9 N. H. 478; *Mellen* v. *Goldsmith* (1879), 47 Wis. 573, 3 N. W. 502, 32 Am. Rep. 781. Even though the written contract was not signed by appellee bank, it might become binding upon it if it agreed, either directly or indirectly, with the other

creditors that it would settle its claim against their common debtor on the terms and under the conditions of the written agreement. If appellee did so agree with the other creditors, and they were thereby induced to make a settlement on the terms of the written contract, believing that appellee was settling on the same terms, and if appellee had made a secret arrangement with the debtor, whereby he obtained an advantage over the other creditors, this would be such a fraud as would vitiate the whole agreement. The notes given to consummate the agreement would be void, and the debtor would be in a position to make the defense on the ground of fraud, it being held in such a case that he is not *in pari delicto*. *Shinkle* v. *Shearman* (1893), 7 Ind. App. 399, 34 N. E. 838; *Morrison, Plummer & Co.* v. *Schlesinger* (1894), 10 Ind. App. 665, 38 N. E. 493; *McFarland* v. *Garber* (1858), 10 Ind. 151. The debtor may also, under such circumstances, recover any money or other thing of value given as such preference. *Brown & Franklin* v. *Everitt Ridley Ragan Co.* (1900), 111 Ga. 404, 36 S. E. 813; *Bean* v. *Brookmire & Rankin* (1873), 2 Dillon 108, Fed. Cas. No. 1170; *Crossley* v. *Moore* (1878), 40 N. J. L. 27.

On the other hand, an agreement for composition may be entered into by a part of the creditors of an insolvent debtor, and in such a case it will be binding on those only who enter into it. In such a case the creditors who do not enter into the agreement may proceed to collect or to settle their claims in their own way. If such a creditor makes a better settlement than those who agree to the composition, or obtains any other advantage, he will be permitted to retain it. It could not be said that any creditor had been induced to make a settlement on any promise or agreement of another creditor who did enter into the agreement. The consideration on which a composition agreement rests does not pass between the creditor and the common debtor. The consideration which upholds such agreements is

the mutual promises between the creditors themselves, whereby they each agree for the benefit of all to forego some right which they might enforce against their common debtor.

Counsel for appellant insist that the facts pleaded in both the answer and the counterclaim are sufficient to show that appellee entered into the composition agreement by parol. The facts alleged in these pleadings and relied on by appellants to show such parol agreement are as follows: The First National Bank of Seymour, Indiana, was requested to grant it an extension in the same manner as its other creditors, and to come in under said extension agreement and accept notes for its indebtedness under and in accordance with said extension agreement, but said First National Bank of Seymour refused to give to said Atlas Engine Works an extension, and to come in under said extension agreement upon an equality with and on the same terms as the other creditors, but insisted on having and receiving an advantage over the other creditors before it would accept and come in under said extension agreement.

It appears from these averments that the agreement which appellee entered into was made solely with the debtor. It does not appear that it was based on any agreement made or understanding had between appellee and any other creditor, or that the settlement with any other creditor depended upon or was made on the faith of the settlement with appellee. It is not even shown by any averment that any of the other creditors of the Atlas Engine Works had any knowledge of the existence of the claim of appellee, or of the settlement made with it, or that any of such creditors were influenced by such settlement, and induced to make a settlement of their claims on what they supposed to be a like basis.

It will be seen that the averments of both the answer and the counterclaim fall far short of showing any relation of trust and confidence between appellee and the other creditors of the Atlas Engine Works. Having entered into no

agreement, either directly or indirectly, with the other creditors, appellee was at liberty to settle with its creditor on any terms agreed on between them, and such settlement is not fraudulent as to the other creditors. If such settlement is not fraudulent as to other creditors, it necessarily follows that it is not fraudulent as between the debtor and creditor.

The demurrer was properly sustained to both the answer and the counterclaim.

Judgment affirmed.

Note.—Reported in 97 N. E. 952. See, also, under (1) 8 Cyc. 460; (2) 8 Cyc. 423; (3) 8 Cyc. 448; (4) 8 Cyc. 468; (5) 8 Cyc. 419. For a discussion of the validity of a note or other security given as a secret preference in a composition with creditors, see 16 Ann. Cas. 1072. As to the effect of a creditor's accepting a part of his debt on his rights as to the whole, see 28 Am. Rep. 293. As to composition with creditors as distinguished from accord and satisfaction, see 100 Am. St. 394.