AMERICAN EXCHANGE BANK, Appellant, vs. BORNSTEIN
and another, Respondents.

*November 12—December 9, 1924.*

*Compositions with creditors: Parol agreements: Validity: Creditor refusing to discharge debtor: Estoppel: Appeal: Case decided before all proofs are in: Presumption.*

1. The acceptance by a creditor of a dividend declared under a composition agreement with an insolvent partnership does not operate as an accord and satisfaction of a claim for money procured by false financial statements, where the creditor refused to sign the composition agreement and stated that it would accept the dividend only as a distribution of the assets of the insolvent and not in satisfaction of its claim.   p. 221.
2. A composition agreement with creditors, such as is here involved, need not be in writing, and where executed is valid although resting in parol, on the ground that the creditor, having brought about a situation whereby his debtor has parted with assets in consideration of the agreement of his creditors to release their claims, and the creditor having accepted benefits under such an arrangement, is estopped to assert his claim against the debtor.   p. 221.
3. Where, however, the plaintiff, a creditor, expressly refused to release its debt, and neither the debtor nor the other creditors were misled as to plaintiff's position, the plaintiff is not estopped, by reason of having participated in a distribution of assets, from later asserting its claim.   p. 222.
4. The trial court having taken the case from the jury before the plaintiff had finished its proof as to fraud alleged to have been committed by the defendant, and having directed a dismissal of the action on the ground that there had been an accord and satisfaction, it will be assumed on appeal that there was sufficient evidence to go to the jury on the fraud question and that the jury would have found favorably to plaintiff's contention on that issue.   p. 221.

APPEAL from a judgment of the circuit court for Milwaukee county: WALTER SCHINZ, Circuit Judge.   *Reversed.*

This action was brought by the plaintiff to recover from the defendants $16,875.49 alleged to have been procured from the plaintiff by means of false financial statements.

The case was tried to the court and jury. After the plaintiff had offered a considerable amount of evidence with respect to the making of the financial statements and their falsity, the court stopped the introduction of further evidence upon that issue and held that the plaintiff was concluded by the fact that it had accepted its *pro rata* share of the proceeds of the assets of the defendants in a liquidation proceeding. It appears that after the insolvency of the defendants became known and on the 15th day of August, 1922, the defendants entered into an agreement with one L. E. Fichaux as trustee. By the terms of this instrument the defendants conveyed to Fichaux all of their property under an agreement that Fichaux was to sell and dispose of the same for the benefit of all of their business creditors after paying the expenses of sale and other agreed items of expense. The second clause of said composition agreement is as follows:

"It is agreed by all creditors who may join herein to give their consent hereto, that all moneys received under the within trust, if the same is carried out by final liquidation, by sale of the property, together with any other moneys received hereunder, shall, if less than necessary to pay in full their respective claims or any unpaid balance hereof, nevertheless be received and accepted by the said creditors in full accord and satisfaction of all their respective claims and demands against said parties of the first part to the same extent and in the same manner and with the same legal effect as would be accomplished upon a discharge under the laws of the United States relating to bankruptcy. This said agreement, however, is executed by the said *Sol. Bornstein* and *Morris Zimmermann*, parties of the first part, in consideration of all of their said creditors joining herein and accepting their *pro rata* share of the proceeds of the sale of the stock and fixtures together with any other receipts coming into his possession."

This composition agreement was presented to the plaintiff, among other creditors, and on September 6, 1922, Edgar

L. Wood, attorney for the plaintiff, advised Mr. Fichaux as follows:

"*Trusteeship of Bornstein & Zimmermann.*

"I represent the *American Exchange Bank,* one of the creditors of the above named concern. The agreement between yourself and *Messrs. Bornstein* and *Zimmermann,* providing that any creditor who joins in said agreement must accept the money received from you in full settlement of its claim, has been carefully considered by us. We find that *Messrs. Bornstein* and *Zimmermann* obtained credit upon financial statements which we believe are not true, and we cannot at this time consent to releasing them from all claims. This is to notify you that we decline to enter into such consent and release.

"However, we feel that creditors will receive a larger percentage of their claims if the firm is liquidated through your office than if it is liquidated in bankruptcy. We therefore suggest that you enter into an agreement with them entitling you to distribute the assets which you have in your hands *pro rata* among the firm's creditors, and in that case we would insist that you pay the *American Exchange Bank* its *pro rata* share. The only alternative, as I see it, which will protect you and them is for them to file a petition in bankruptcy and for you to turn over to their trustee when appointed the assets which you hold.

"I am writing this letter in order to make perfectly clear the position of the *American Exchange Bank* in this matter. I am inclosing the list of amounts paid out which you loaned me."

Thereafter a dividend or *pro rata* payment of three and one-quarter per cent. was made by the trustee to the creditors and plaintiff accepted its *pro rata* share thereof. It was the acceptance of this dividend under all the facts and circumstances which the trial court held amounted to an accord and satisfaction and extinguished any claim which the plaintiff had against the defendants. Judgment was entered accordingly dismissing the plaintiff's complaint upon the merits, and from that judgment the plaintiff appeals.

For the appellant there was a brief by *Edgar L. Wood,*

and oral argument by *Mr. John C. Warner* and *Mr. Wood,* both of Milwaukee.

For the respondents there was a brief by *Padway, Skolnik & Winnecour,* attorneys, and *C. S. Thompson,* of counsel, all of Milwaukee, and oral argument by *Mr. Thompson.*

ROSENBERRY, J.   A considerable part of the argument both in the briefs and upon the hearing here related to the extent and nature of the fraud claimed by the plaintiff to have been practiced upon it by the defendants.   In view of the fact that the plaintiff had not yet finished its proof upon that point and that the court took from the jury further consideration of the case on the ground that there was an accord and satisfaction, it must be assumed here that there was at least sufficient evidence to go to the jury on the question of defendants' fraud and that the jury would have found thereon favorably to the plaintiff's contention.   We shall for that reason confine our discussion to the question of whether or not the acceptance of the dividend under the circumstances amounted to an accord and satisfaction.   That composition agreements such as that referred to in this case are valid, and when executed operate to discharge the claims of all creditors joining therein, is well established.   It is equally well established that the agreement need not be in writing, and where executed is valid although resting in parol: *Mellen v. Goldsmith,* 47 Wis. 573, 3 N. W. 592; *Continental Nat. Bank v. McGeoch,* 92 Wis. 286, 311, 66 N. W. 606.

While this is true, yet the acceptance by a creditor, who has not joined in the composition, of the dividend, does not make him a party to the composition so as to discharge his claim, and he may proceed against his debtor for the amount of the claim less the dividend received.   *First Nat. Bank v. Ware,* 95 Me. 388, 50 Atl. 24; *Loney v. Bailey,* 43 Md. 10.

In this case, however, the plaintiff did not join in the

composition agreement and made it perfectly clear that such payment made to it was not to be accepted by it under the composition agreement but as a distribution of the assets of the insolvent partnership, and that it would not release or satisfy its claim against the defendants. There was therefore no room for an inference that the acceptance of the payment amounted to an agreement to accept it in full satisfaction of the debt. It is very doubtful whether under the terms of the instrument, even if it had been accepted, the claim of the plaintiff would be barred. The acceptance was to operate in full accord and satisfaction of all their respective claims and demands against said parties of the first part (the partnership) *to the same extent and in the same manner and with the same legal effect as would be accomplished upon a discharge under the laws of the United States relating to bankruptcy.*

By sec. 17 of the Bankruptcy Act, liabilities for obtaining property by false pretenses or false representations are expressly exempted from a discharge in bankruptcy. See, also, *Strang v. Bradner,* 114 U. S. 555, 5 Sup. Ct. 1038; *In re McBachron,* 116 Fed. 783; *In re Waite,* 223 Fed. 853.

The ground upon which oral agreements to composition are held valid is that a creditor having brought about a situation whereby his debtor has parted with his assets which he would not otherwise have parted with in consideration of the agreement of his creditors to release their claims, a creditor accepting benefits under such an arrangement is estopped to assert his claim against the debtor. *Mellen v. Goldsmith,* 47 Wis. 573, 3 N. W. 592.

There can be no estoppel in this case for the reason that the position of plaintiff bank was made perfectly clear by the letter of September 6, 1922, set out in the statement of facts, nor were the defendants or other creditors misled as to plaintiff's position. We find no support in the evidence for the contention that the plaintiff altered its position by subsequent oral agreement.

It is considered that the trial court was in error in holding that plaintiff's claim was barred by acceptance of the dividend under the facts and circumstances shown in this case.

*By the Court.*—Judgment reversed, and cause remanded for further proceedings according to law.