SHEKELL v. YPSILANTI SAVINGS BANK.

1. COMPOSITION WITH CREDITORS—NON-ASSENTING CREDITORS.
    Compositions with creditors are binding only on those who assent thereto in the absence of statute or insolvency proceedings, and non-assenting creditors may collect the full amount of their claims in their own way.

2. BANKS AND BANKING—REORGANIZATION—NON-ASSENTING CREDITORS.
    Acceptance of dividends under bank reorganization agreement by non-assenting creditor does not bar his subsequently obtaining judgment for balance of his claim where there has been no estoppel or waiver.

3. SAME—ESTOPPEL—PETITION FOR REORGANIZATION.
    Reorganized bank is estopped to deny ability to pay on demand of creditor who did not consent to depositors' agreement where petition for reorganization stated that arrangements had been made to the satisfaction of the State banking commissioner to pay all creditors as required by 3 Comp. Laws 1929, § 11960.

Appeal from Washtenaw; Sample (George W.), J. Submitted April 17, 1934. (Docket No. 123, Calendar No. 37,575.) Decided June 4, 1934.

Assumpsit by Ernest Shekell against Ypsilanti Savings Bank on a certificate of deposit. Judgment for defendant. Plaintiff appeals. Reversed and judgment ordered entered for plaintiff.

*Carl H. Stuhrberg,* for plaintiff.

*John P. Kirk,* for defendant.

EDWARD M. SHARPE, J. During August and October, 1930, plaintiff deposited $1,600 with defendant bank and received in return three certificates of deposit payable to plaintiff upon demand with interest at three per cent. per annum if left three months or four per cent. per annum if left six months.

On July 24, 1931, the defendant bank was placed in the hands of a receiver and so continued until December 23, 1931. During this interval of time, efforts were being made to reopen the bank. A reopening was finally made possible by the signing of a depositors' agreement by 96 per cent. of the depositors. Thereupon the defendant bank filed a petition to have the receivership terminated. This action was taken under the authority of 3 Comp. Laws 1929, § 11960, which reads as follows:

"Whenever arrangements shall be made by any such bank or the stockholders thereof by reorganization or otherwise, to the satisfaction of the commissioner of the banking department, to pay all creditors thereof, aside from the stockholders, and to make good the impairment of the capital stock in all particulars, and to pay the expenses of the receivership, if any have accrued, such facts shall be pre-

sented to the court, and the court may order the property to be turned over to the bank or to such stockholders, and shall discharge the receiver.''

The reorganization of the bank was approved by the State banking commissioner and the receiver was discharged by court order of December 23, 1931. Plaintiff did not join in the depositors' agreement or any agreement to defer enforcement of his claim, and after the reorganization of the bank made demand for the entire amount of his deposit. It is conceded that at the date of reorganization there was sufficient of moneys on hand to pay plaintiff's claim. Defendant bank refused to pay plaintiff any more than the percentage agreed to by the majority depositors. These dividends were accepted by plaintiff without waiving any rights he might have to the balance.

Plaintiff brought this suit for the balance of his deposit, amounting with interest to $1,582.65. The trial court held that plaintiff was not entitled to a judgment and plaintiff appeals.

The plaintiff claims that he has a contract obligation with the bank, and not having signed any depositors' agreement, the contract is in full force and effect and is not modified by any action that other depositors may have taken. Defendant claims that to pay plaintiff in full would result in an illegal preference among depositors in the same class.

In *Bush* v. *Lien*, 56 S. D. 270 (234 N. W. 29), it was held that non-assenting creditors cannot be compelled to release their claim against stockholders when the reorganization agreement does not purport to include any settlement of stockholders' liability.

In the absence of statute or insolvency proceedings, compositions with creditors are binding only

on those who assent. In *Atlas Engine Works* v. *First National Bank of Seymour,* 50 Ind. App. 549 (97 N. E. 952), upholding a preference to a creditor who had not entered into the composition agreement where no fraud as to other creditors was shown, the court stated at page 553:

"An agreement for a composition may be entered into by a part of the creditors of an insolvent debtor and in such a case it will be binding on those only who enter into it. In such a case, the creditors who do not enter into the agreement may proceed to collect or settle their claims in their own way."

A creditor who did not consent to the composition agreement signed by other creditors may recover judgment for the full amount of his claim. *First National Bank of Guilford* v. *Ware,* 95 Me. 388 (50 Atl. 24). And where there has been no estoppel or waiver the acceptance by a non-assenting creditor of dividends, under the composition agreement, does not bar his subsequently obtaining judgment for the balance of his claim. *Loney* v. *Bailey & Caldwell,* 43 Md. 10; *Emerson* v. *Gerber,* 178 Mass. 130 (59 N. E. 666); *American Exchange Bank* v. *Bornstein,* 185 Wis. 218 (201 N. W. 242).

In *Beardsley* v. *St. Joseph Circuit Judge,* 266 Mich. 351, a petition for mandamus to compel the hearing of a claim similar to the instant one, the court said in granting the mandamus (p. 353):

"The mentioned agreement with some depositors of the bank in and of itself did not in law or equity bind others."

When the receiver filed the petition for reorganization of the bank stating that, as required by 3 Comp. Laws 1929, § 11960, arrangements had been made to the satisfaction of the State banking com-

missioner to pay all creditors, etc., it meant the bank was able and willing to pay depositors who had not signed the depositors' agreement, as well as other creditors. Furthermore, it meant that the bank was able to pay such creditors on demand, not that it might be able to pay them in the future. It was upon this agreement that the State banking commissioner permitted the bank to reorganize and the court issued its order discharging the receiver, and defendant cannot now be heard to say that it is unable to carry out such an agreement.

The judgment entered in the circuit court will be set aside and the cause remanded with directions to enter a judgment in the sum of $1,582.65. Plaintiff may have costs.

Nelson Sharpe, C. J., and Potter, North, Fead, Wiest, Butzel and Bushnell, JJ., concurred.