HORATIO G. HOWLETT, Plaintiff in Error, *v.* LUTHER L. MILLS *et al.*, Defendants in Error.

### ERROR TO COOK.

The mere assent of a creditor that his debtor may make an assignment for the benefit of his creditors, does not have the effect to release the debt.

The filing of a duplicate plea does not render an answer to it necessary.   It may be struck from the files, or disregarded.

THIS was an action of assumpsit brought by Mills *et al.* against A. B. Sears and the plaintiff in error, (H. G. Howlett,) as partners under the firm of A. B. Sears & Co.

The declaration was filed September, 1857, counting on three promissory notes described therein, and an account for merchandise.

Howlett, one of the defendants below, (plaintiff in error here,) filed a plea that the "said *defendants* did not promise," etc., as alleged; concluding to the country.

On the 26th of December, 1857, Howlett filed two additional pleas; one a special non-assumpsit "that *he* did not undertake and promise as alleged," etc., concluding to the country; and the other a special plea setting out transactions in detail between plaintiff and the assignee of defendant, by which Howlett claimed that plaintiff's demand was satisfied and discharged. This plea is stated in the opinion of the court.

The record recites that a demurrer to the second plea was sustained; and that the plaintiff joined issue on first plea, and to the second plea filed demurrer.

The record recites that parties appeared in court, and by their agreement, the "cause is submitted on the demurrer to special plea to the court for trial."

December 3, 1858, defendant, Howlett, filed another special plea, the same in substance with the foregoing special plea, but varying a little from it in form.

A jury was waived, and there was a trial of the issue joined by the court. Finding and judgment for plaintiff for $1,218.

The errors assigned are—

The second plea, special non-assumpsit, was good on general demurrer; the demurrer to it ought not to have been sustained.

At the time the cause was tried there were two special pleas on file, undisposed of and undecided.

T. LYLE DICKEY, for Plaintiff in Error.

SMITH, DEWEY & KELLOGG, for Defendants in Error.

WALKER, J. This was an action of assumpsit, instituted by Mills and others against Howlett and A. B. Sears as partners, on three promissory notes. On the 19th of October, 1857, Howlett filed a plea of the general issue, and on the 26th of December following he filed a plea of non-assumpsit, and a special plea, which alleged, that he and Sears made and executed a deed of assignment of a large amount of real and personal property, by which they conveyed it to an assignee for the benefit of their creditors, and that defendants in error were included in the number, and that the same was of more than sufficient value to have paid all their debts and liabilities, including the notes sued upon in this action. That the defendants in error and others, their creditors, took the control of the property so assigned, out of the hands of the assignee, and directed him to surrender it to the possession of said Sears, to sell and dispose of, collect

and receive the proceeds of the same, for the use of defendants in error, and to pay their debt to defendants in error and their other creditors, and that the assignee, in pursuance of such order and direction, did surrender and deliver the property to said Sears, and that he took the control, possession and management of the same, and sold, collected, received and disposed of the property, without the knowledge or consent of plaintiff in error, whereby he sustained damage and became discharged from the payment of the notes sued upon in this case. To this plea, there was filed a demurrer, which was sustained by the court, and the plaintiff in error abided by the plea. It also appears from the record, that on the 3rd day of December, 1858, plaintiff filed a plea in every respect the same as that filed the 26th December, 1857, which remains unanswered. There was issue to the country, formed on the plea of non-assumpsit. The parties, by agreement, waived a jury, and a trial by consent was had by the court, which resulted in favor of the defendants in error, and the court rendered a judgment against Howlett, for the sum of $1,218.34, to reverse which, he prosecutes this writ, and assigns for error—

1. That the court below erred in sustaining the demurrer to defendant's special plea.

2. In rendering judgment while a plea remained in the record undisposed of, and not traversed.

3. In trying an issue in fact, before the issues at law were settled.

4. That the whole record does not show a cause, wherein a judgment could be properly rendered against plaintiff in error.

This special plea fails to aver that when the property was disposed of and converted into money, that it was sufficient to pay the indebtedness for which it was assigned; nor does it show that the defendants in error were, by the terms of the deed of assignment, entitled to receive any portion of the avails of this property, until all the creditors had received the full amount of their claims. For aught that appears, the deed may have preferred other creditors in the payment of their debts, and when this property was reduced to money, that it would have been exhausted in payment of such preferred creditors; and it fails to aver, that the defendants in error were by the terms of the deed entitled to any portion of this fund. The plea fails to aver, that defendants in error ever agreed to look to, or rely upon this property, to pay or discharge this debt. There is no averment, that they had, in consideration of the execution of the assignment, agreed to release their claim. It fails to aver, that they had received or were entitled to receive any portion of the fund from Sears, or in what manner the plaintiff in error had sustained damage. It does not aver that Sears had wasted,

sacrificed, or misapplied the fund, or had in any manner been wanting in care and prudence in its management. But it simply relies upon the fact, that by the advice of the creditors, of whom defendants were a part, the property was surrendered by the assignee into the hands of Sears, and that he had reduced it to money. The mere assent by a creditor, that his debtor may make an assignment for the benefit of his creditors, cannot have the effect to release and discharge the debt, and this is what is asserted by this plea. It, at most, could only be held to require him to look to the fund for his portion to be applied on his claim, and leave him to collect the remainder out of the debtor. This plea does not show such a state of facts, as could in any event discharge any portion of these notes. The damages alleged to have been sustained, were not offered to be set off against the notes, and these damages would not constitute such a defense. Not being liquidated, and not growing out of the contract or agreement sued on, they were not a proper subject of set-off, and the party's remedy, if he has any, is by action. The demurrer was properly sustained to this plea.

The plea filed on the third day of December, 1858, being almost a literal copy of that of December 26th, 1857, must be held to be the same plea. It presents the same defense, in precisely the same manner as the other. The defendant, under the statute, has no right to file as many copies of the same plea as he may choose, and if he does, all but one may be stricken from the files, or disregarded by the court. The statute only contemplates the filing as many several pleas, as may present a several defense to the whole or a part of the cause of action, or the same defense in a different form. The stipulation filed in this case, also shows that the latter was filed as a copy of the former plea, under the supposition that the former had been lost. It was not intended for, or relied on as a separate and an independent defense, and as a copy, it required no answer. There was no error in proceeding to trial and in rendering judgment, while this plea remained unanswered.

This disposes of the remaining assignments of errors and renders it unnecessary to discuss them separately.

The judgment of the court below is affirmed.

*Judgment affirmed.*