SEWELL W. PERKINS *vs.* CHARLES M. LOCKWOOD & another.

An agreement of a creditor with his debtor to accept a certain percentage of the debt in full satisfaction thereof, " provided that no other creditor shall receive more than the same percentage of his claim," is void for want of consideration.

CONTRACT on a promissory note for $159.41, dated October 7, 1861, made by the defendants as copartners under the firm of Lockwood & Connell, payable to the plaintiff in nine months, and bearing the following indorsement signed by the plaintiff: "December 14, 1864. Received on the within note $10.38, being the first instalment towards $15.94, being ten per cent. of said note, which when paid is to be in full satisfaction and settlement of the within note, provided that no other creditor shall receive more than ten per cent. on his claim against Lockwood & Connell, and provided also that if any creditor shall receive more than ten per cent. an amount equal to such percentage shall be paid on the within note."

At the trial in the superior court, before *Rockwell*, J., it appeared in evidence that Lockwood & Connell suspended business in 1862; that on December 14, 1864, the plaintiff called on Connell for payment of the note, and the indorsement was then made; and that Lockwood & Connell owed several thousand dollars at that time to various persons. " There was no evidence of any assignment of property or other security given to the plaintiff; and the plaintiff requested the court to rule that said indorsement did not constitute a legal and valid contract binding on him, but the court ruled otherwise." " The jury found a verdict for the plaintiff for only the amount of the bal·ance of the ten per cent. and interest, which was as much as it appeared that any creditor had been paid;" and the plaintiff alleged exceptions.

*E. H. Bennett & H. J. Fuller*, for the plaintiff.

*J. M. Morton, Jr.*, for the defendant.

WELLS, J. An agreement to accept, in satisfaction and discharge of a liquidated debt, a sum less than the full amount due,

is not valid, unless there exist some consideration to support it other than the payment or promise of the debtor to pay such less sum. *Harriman* v. *Harriman*, 12 Gray, 341. The note or collateral promise of another person will support the agreement. *Brooks* v. *White*, 2 Met. 283. For a like reason, when such an agreement forms part of a composition in which several creditors join, mutually stipulating to withdraw or withhold suits and that they will release to their common debtor a part of their claims upon payment of a certain other part, the agreement becomes binding between each creditor and the debtor. *Eaton* v. *Lincoln*, 13 Mass. 424. *Steinman* v. *Magnus*, 11 East, 390. The reason is, that the rights and interests of other parties become involved in the arrangement, and this affords a new and legal consideration for the promise. It would be contrary to good faith for a creditor who has secured the advantage of such an arrangement to disregard its obligations by proceeding to enforce the balance of his demand; and the debtor is entitled to avail himself of this consideration in defence. *Good* v. *Cheesman*, 2 B. & Ad. 328. *Boyd* v. *Hind*, 1 H. & N. 938.

In this case, the exceptions do not show that there was any such mutual agreement between the creditors. The defence indicated by the most important ruling of the court appears to be based entirely upon the legal effect of the agreement between the plaintiff and defendant as indorsed upon the notes in suit. That agreement affects no other party. Its reference to the like settlement of other debts is merely in the nature of a condition attached to the plaintiff's promise to discharge the notes. It does not make it any the more binding. The defendant's undertaking, that he would not pay others more than the plaintiff, would not prevent others from enforcing their claims in full; and is not such a promise as would afford any consideration for the agreement of the plaintiff. It is neither a benefit to the plaintiff nor disadvantage to the defendant. So far as the exceptions show, the release of their claims by the other creditors had no connection with this agreement. The agreement itself shows no legal consideration to give it effect as a contract.

As we understand the exceptions, the court below ruled that

the agreement indorsed upon the notes constituted of itself " a legal and valid contract, binding on the plaintiff." This we think was clearly wrong ; and for this cause the

*Exceptions are sustained.*