FREDERICK HOLTON *vs.* RUSSELL S. BENT.

Middlesex.   Jan. 11. — March 7, 1877.   COLT & AMES, JJ., absent.

A. indorsed B.'s notes for his accommodation, and received from him a written agreement to hold him harmless on each indorsement.   B. became insolvent, and A. and B. agreed that C., a friend of B., should purchase all claims against B. by paying a certain percentage thereof to the creditors, and by giving, in addition, to each of those who held the notes so indorsed, B.'s note for a certain percentage indorsed by A.   C. refused to purchase the claims, until, in addition to the conveyance of B.'s property to himself, he was paid a certain sum in cash equal to a certain percentage of all the claims, and A., in consideration of his release from all liability upon the notes indorsed by him, agreed to furnish the sum required. A. furnished a less sum than that required, B. making provision for the remainder, and C. accepted it, and, with the assent of all parties, carried the arrange

ment into effect. C., after paying the percentage agreed on to the creditors, and all expenses, accounted with B. for the property received by him, including the sum advanced by A., and paid to B. a balance exceeding that sum. There was no express agreement to repay the sum advanced by A. *Held,* that A. was not a creditor of B., and could maintain an action against him for money paid.

CONTRACT for money paid. Trial, without a jury, in the Superior Court, before *Colburn*, J., who found for the plaintiff, and allowed a bill of exceptions, the substance of which appears in the opinion.

*P. H. Cooney*, for the defendant.

*J. N. Marshall*, for the plaintiff.

DEVENS, J. The plaintiff was an accommodation indorser for the defendant to the amount of $63,000, and had received from the defendant a written agreement, as to each indorsement, that he would hold him harmless thereon. The defendant became insolvent, and an arrangement was proposed by the plaintiff and the defendant, that one Pebbles, who was a friend of the defendant, should purchase all the claims against the defendant by paying fifty per cent. therefor to the creditors, a note of the defendant for five per cent., indorsed by the plaintiff, being given in addition, to those creditors who held the notes upon which the plaintiff was indorser. Pebbles would not consent to make this purchase until, in addition to the defendant's property which was to be conveyed to him, he received a sum in cash equal to five per cent. of all the claims; and, in consideration of a release by Pebbles from all the plaintiff's liability as indorser when the claims should have been purchased, the plaintiff agreed to furnish the five per cent. required. When the parties met, the plaintiff had but $3000, which was less than five per cent. on the claims, but such provision was made for the remainder by the defendant as satisfied Pebbles, and the arrangement was carried into effect, all parties assenting thereto. The five per cent. notes, signed by the plaintiff and the defendant, were given to those creditors who held the plaintiff's indorsement, and the $3000 paid by the plaintiff was received by Pebbles, who released the plaintiff from all liability as indorser on the notes purchased. Subsequently, Pebbles, after paying the fifty per cent. and all expenses, accounted with the defendant for the money and property received by him, including the $3000 re-

ceived from the plaintiff, and paid to the defendant the balance, which was over $5000.

There was no express agreement to repay the $3000. The presiding judge ruled that the plaintiff was entitled to recover. This ruling was correct, if, upon these facts, it was competent for the judge to find that the sum was paid for the benefit of the defendant under such circumstances that a promise to repay might fairly be inferred, or was paid, by the defendant's assent, to obtain a release from the plaintiff's liability on those notes on which the defendant had agreed to hold him harmless.

Although the $3000 was not paid upon the notes indorsed by the plaintiff, it was paid in order to induce Pebbles to enter into an agreement to purchase all the claims against the defendant. If that agreement could be consummated, the plaintiff would obtain a release from his indorsements, and all the defendant's liabilities would be discharged. The payment was for the ben· efit of the defendant, as the first step towards his release from his liabilities, and it was for the benefit of the plaintiff, only as it shielded him from a liability from which the defendant was bound to protect him. If the defendant had agreed with a third person to advance $3000 to induce Pebbles to proceed with the proposed contract, a promise to repay it would certainly be inferred. It is not the less to be inferred against him, because the party advancing the money also obtained thereby a release from claims against which the defendant had agreed to indemnify him.

It is contended that the plaintiff must be treated as one of the creditors of the defendant at the time of the failure, on account of the liability on his indorsements ; that the advance was made by him under the agreement with the other creditors ; and that he was to release the defendant if he himself should be released upon payment of this moderate sum. We do not doubt that, when the maker is insolvent, it may be agreed between himself, the indorser and the creditors on the indorsed notes, that, on payment of a certain sum, less than the amount of the notes, the indorser shall be discharged, and have no claim upon the maker to refund. It is a sufficient consideration for the release of the claim he would otherwise have upon the maker, that the creditor of himself and the maker has, upon the promise that he

would thus release, consented to take less than his full demand. But no such agreement here appears. The agreement under which the plaintiff advanced the $3000 was one preliminary to that by which the creditors were to sell their claims to Pebbles. There were no parties to it but the plaintiff, the defendant and Pebbles, and its purpose was to induce Pebbles to unite with the plaintiff and the defendant in making a contract with the creditors.

Nor, in permitting the plaintiff to maintain this suit, is there any fraud upon the settlement with the creditors, such as is committed when one, by means of a secret agreement, obtains a larger sum than the others are induced to believe that he receives. *Perkins* v. *Lockwood*, 100 Mass. 249. The plaintiff was under a contingent liability for the defendant, but he was not a creditor, and was not treated or recognized as such by the creditors. He was a party to no agreement with them except by the indorsement of the five per cent. notes which they were to receive on transfer of the notes which he had formerly indorsed. Pebbles, who received all the property of the defendant, as well as the $3000, was to pay to the plaintiff nothing therefrom, but to use it for the creditors.

The payment of the $3000 made the defendant his debtor, but this was not a debt which the arrangement with the creditors was intended to reach. It was independent of it, and incurred that the arrangement might take effect. The party who furnishes a fund to pay creditors of an insolvent, to purchase their claims or to make a composition with them, cannot himself be treated as one of the creditors dealt with, and the amount which he is to recover of the debtor thus limited to the proportion which they receive. *Exceptions overruled.*