HENRY P. EMERSON *vs.* BENJAMIN GERBER.

Suffolk.   December 10, 1900. — March 1, 1901.

Present: HOLMES, C. J., KNOWLTON, BARKER, HAMMOND, & LORING, JJ.

*Semble,* that notice to a creditor of an assignment for the benefit of creditors and a subsequent receipt by the creditor of a check from the assignee purporting to be a final dividend intended to be accepted in full discharge of the creditor's claim, and use of the check by the creditor, are not enough to show an assent on his part to an agreement of composition, and he may sue for and recover the balance of his claim. Whether the assignee could recover back the amount of the dividend if the creditor repudiated the condition on which it was paid, *quære.*

CONTRACT for a balance alleged to be due for goods sold and delivered.   Writ dated September 30, 1898.

The case was heard in the Superior Court by *Mason,* C. J., on agreed facts, which were as follows: There was no dispute as to the fact that the goods were sold, or that the price charged was the price agreed upon.   Some time after the price became due the defendant executed and delivered an assignment of all his estate to Plummer C. Spring for the benefit of all creditors who should assent to the assignment, and a copy of the assignment was "duly recorded."   The assignment contained a provision that all creditors assenting to it thereby discharged all their claims against the debtor in consideration of the right of receiving the dividend from the assignee.   The assignment was assented to by nearly all the creditors in number and amount.   Notice of the assignment was mailed to all creditors immediately after it was made, stating that creditors who wished to receive dividends must assent to the assignment.   The assignee sold

all assets for an amount which was about sufficient to pay a dividend of twenty-five per cent. The assignee subsequently sent out his checks to the creditors assenting to the assignment containing twenty-five per cent dividends, and also sent his check on August 5, 1898, to the plaintiff, and the assignee would testify that in the envelope containing the check was enclosed a blank release, a copy of which was annexed to the bill of exceptions. The plaintiff would testify that he had no recollection of having received this unsigned release. The plaintiff used and appropriated the check, and then brought suit against the defendant for the balance. The plaintiff's bill was for $69.92. The defendant mistakenly had believed that the bill due was for $53.16, and the check sent to the plaintiff was for twenty-five per cent of the latter amount, the defendant and assignee not knowing at the time that the plaintiff claimed a larger amount. When the plaintiff received the check he said nothing and used it. The plaintiff would testify that he had mailed bills of all goods sold to the defendant, and that he had sent to the defendant previous to his assignment a correct statement of his account. The assignee would testify, if competent, that he sent the check to the plaintiff, believing that the plaintiff would accept it in discharge of his bill.

The blank release annexed to the bill of exceptions was as follows : " Received from Plummer C. Spring, Assignee of Benjamin Gerber, trading as B. Gerber & Co., of Boston, Mass., the sum of　　dollars, the same being dividend of 25% upon our claim against said Gerber. And we do hereby release and discharge said Benjamin Gerber of and from all actions, debts, notes and accounts which we now have against him. And we do hereby release said Plummer C. Spring from all demands which we may have against him as assignee aforesaid. In witness whereof we hereunto set our hands and seals this fifth day of August, A. D. 1898."

The defendant requested the Chief Justice to rule and to find as follows: 1. That upon the agreed statement of facts, including legitimate inferences, judgment should be for the defendant. 2. That the court must find from the statement of facts that the plaintiff knew he released the debtor by assenting to the assignment. 3. That the plaintiff received the blank release

together with the check. 4. That the plaintiff understood or must have understood, that the check was sent to him to retain upon the condition of his discharging the debtor and the assignee. 5. That by retaining the check he assented to the assignment, or must be deemed to have assented to the assignment, and thereby discharged the defendant. 6. That under the law prevailing since this assignment was made requiring copies of assignments to be recorded with the records of the city clerk, and upon the fact that such a copy was duly recorded, the plaintiff is charged with constructive notice of the terms of the assignment, especially after receiving notice that such an assignment was made, and that he must assent to the assignment if he wished to receive any dividends.

The Chief Justice refused the defendant's requests and found and ruled: 1. That the assignment by the defendant to Plummer C. Spring for the benefit of such creditors only as should assent to the same was not an assignment in conformity to St. 1887, c. 340, providing for the distribution of the defendant's property in substantial conformity with the provisions of the law relating to insolvent debtors. 2. That the plaintiff never expressly or by implication assented to the assignment to Spring. 3. That the plaintiff had not released his claim or accepted any payment in full satisfaction of the same.

The Chief Justice further found and ordered judgment for the plaintiff in the sum of $61.84; and the defendant alleged exceptions.

*M. L. Lourie,* for the defendant.

*D. B. Beard,* for the plaintiff.

HOLMES, C. J. This is an action upon an admitted debt, and the only defence is that the plaintiff accepted a check for a part of the debt from an assignee for the benefit of creditors under circumstances which made it a discharge of the whole. The assignment provided that all creditors assenting to it thereby discharged their claim against the debtor. Notice of the assignment had been mailed to all creditors with a statement that those who wished to receive dividends must assent to the assignment. In the agreed statement of evidence it appears that the assignee would testify that he sent with the check a blank release, purporting to be under seal and to release the

debt upon receipt of a dividend of twenty-five per cent. But by mistake the check was for considerably less than twenty-five per cent, and the plaintiff would testify that he had no recollection of having received the release. In short, there is nothing sufficient as matter of law to compel the judge to whom the evidence was submitted to find that the plaintiff understood that he was receiving the check in discharge of his whole claim. Thus the defence fails at the outset on the facts before we reach any question of law.

As the check of the assignee was not received as the obligation of a third person but as representing the money into which it immediately was to be and was converted, and as that money was understood to be and was the proceeds of the debtor's property, it is hard to see how in any event the receipts of it alone could have prevented the creditor from suing to recover the rest of his debt. *Curran* v. *Rummell*, 118 Mass. 482. Whether the money could be recovered, if the creditor repudiated the condition on which it was paid, is another matter. See *Trecy* v. *Jefts*, 149 Mass. 211; *Bruce* v. *Anderson*, 176 Mass. 161, 162. But more than a simple receipt of the check with knowledge of that condition would be required to bring in the peculiar doctrine of the Massachusetts cases as to the effect of an agreement which forms part of a composition in which several creditors join. *Farrington* v. *Hodgdon*, 119 Mass. 453, 457. *Perkins* v. *Lockwood*, 100 Mass. 249, 250. Compare *Cottage Street Methodist Episcopal Church* v. *Kendall*, 121 Mass. 528; *Sherwin* v. *Fletcher*, 168 Mass. 413.

*Exceptions overruled.*