ACME HARVESTING MACHINE CO., RESPONDENT, *v.* BENEDICT, APPELLANT.

(No. 4,139.)

(Submitted April 15, 1920. Decided May 24, 1920.)

[190 Pac. 287.]

*Assignments for Benefit of ·Creditors — Action Against Assignor—Right of Creditors—Release from Debt—Receipt —Insufficiency.*

Assignment for Benefit of Creditors—Status of Assignee.
1. An assignee for the benefit of creditors stands in the place of the assignor.

Same—Right of Creditor to Sue Assignor.
2. As at common law, so under the Revised Codes (secs. 6136–6161), the execution of an assignment for the benefit of creditors is no bar to an action by a creditor against the assignor, and in no way affects the right of the creditor to proceed to judgment after the assignment is made.

Same—Assignment Does not Discharge Debt.
3. An assignment, though made with consent of the creditors, does not effect the release of the assignor of any portion of his obligations not discharged by his assignee.

Same—Release of Creditor—Receipt—Insufficiency.
4. *Held*, that nothing short of an agreement expressing in clear terms the creditor's intention to accept the *pro rata* distribution of the assets in the hands of the assignee as a full discharge of the debt due him absolves the debtor, and that a receipt stating that the amount received by the creditor constituted the final dividend upon his account, "which account is hereby settled and closed, and the assignee is released from his trust, and finally discharged from his duties and obligations as such assignee," was not such an agreement.

*Appeal from District Court, Fergus County; H. Leonard De Kalb, Judge.*

Action by the Acme Harvesting Machine Company against M. J. Benedict. From a judgment for plaintiff and an order denying defendant a new trial, the latter appeals. Affirmed.

*Mr. E. K. Cheadle* and *Mr. John P. Swee,* for Appellant, submitted a brief; *Mr. Cheadle* argued the cause orally.

*Messrs. Mettler & Briscoe,* for Respondent, submitted a brief.

MR. JUSTICE COOPER delivered the opinion of the court.

This action was instituted by respondent to recover the sum of $247.03 for certain goods, wares and merchandise. Appellant admits the purchase of goods of the value of $357.49, but defends the action upon the ground that he had executed a deed of assignment of all his property for the benefit of his creditors to Andrew J. Brower, as his assignee, and that all of his creditors consented in writing thereto. He alleges affirmatively that 30.9 per cent of $357.49 was paid by the assignee and, by virtue of the acceptance of $110.46 and the execution of a receipt by plaintiff, a complete release and discharge of the balance of the debt was accomplished. The receipt is as follows:

"The said sum being thirty and nine-tenths per cent (30 9/10%) final dividend upon our account, which account is hereby settled and closed, and said assignee is released from said trust, and finally discharged from his duties and obligations as such assignee."

The plaintiff was awarded judgment against defendant for the sum of $247.03, with interest and costs. The appeal is from the judgment and from an order denying defendant a new trial.

The receipt, appellant contends, constituted a full release of the original indebtedness and effectuated his complete dis-

charge of the original obligation. The answer of respondent to this is that the payment of $110.46 by the assignee did not effect the discharge of the original indebtedness. The law [1] governing assignments for the benefit of creditors is covered by sections 6136–6161 of the Revised Codes; and, as at common law, the assignee stands in the place of the assignor. (*Durfee* v. *Harper*, 22 Mont. 354, 56 Pac. 582.) The point raised on this appeal is settled adversely to appellant, by the overwhelming weight of authority. The rule applicable to the question now before us is stated in 5 Corpus Juris, section 275, page 1191, as follows: ''As a right of action is given by law and cannot be destroyed by the voluntary act of the debtor, it is the rule that the right of a creditor to maintain an action against his debtor and to recover a personal judgment is not affected by the latter's voluntary assignment of all his property for the benefit of all his creditors; nor is such creditor's right to proceed to judgment defeated because he has filed his claim with the debtor's assignee.''

The rule governing common-law assignments for the benefit [2] of creditors remains unaffected by our statutes, in so far as the question now before us is concerned. It is no longer open to question that the execution of a common-law assignment for the benefit of creditors is no bar to an action by a creditor against the assignor and in no way affects the right of the creditor to proceed to judgment after the assignment is made. (*Detroit Stove Works* v. *Osmun*, 74 Mich. 7, 41 N. W. 845.)

The assignment in question, assented to by the creditor [3, 4] though it may have been, did not effect the release of the assignor of 'any portion of his original obligation not discharged by the assignee. (5 Corpus Juris, 1285.) In *Howlett* v. *Mills*, 22 Ill. 341, it is held that the mere assent of a creditor that his debtor may make an assignment for the benefit of creditors does not release the original debt. There the court said: ''The mere assent by a creditor, that his debtor may make an assignment for the benefit of his creditors, cannot

have the effect to release and discharge the debt, and this is what is asserted by this plea. It, at most, could only be held to require him to look to the fund for his portion to be applied on his claim, and leave him to collect the remainder out of the debtor.'' To the same effect is *Emerson* v. *Gerger*, 178 Mass. 130, 59 N. E. 666. In the case last cited, the assignment contained a provision that all creditors assenting to it thereby discharged all other claims against the debtor in consideration of the right of receiving the dividend from the assignee. It was there held that a subsequent receipt by the creditor of a check from the assignee purporting to be a final dividend intended to be accepted in full discharge of the creditor's claim, and use of the check by the creditor, are not enough to show an assent on his part to an agreement of composition, and the creditor was held to still have the right to sue the assignor and recover the balance of his claim. (5 Corpus Juris, sec. 480, pp. 1285; 1286.)

Our conclusion, therefore, is that nothing short of an agreement expressed in terms which indicated clearly the intention of the creditor to accept the *pro rata* distribution as a full discharge of his indebtedness could absolve the original debtor, and in our opinion the receipt above set forth is not such an agreement.

The judgment and order appealed from are affirmed.

*Affirmed.*

ASSOCIATE JUSTICES HOLLOWAY, HURLY and MATTHEWS concur.