International Shoe Company, Appellant, v. H. W. Cline, Individually and as Trustee for the Benefit of Creditors of Wilner's Department Store, Inc., Appellee.

Gen. No. 37,746.

Opinion filed April 10, 1935.

GOLDMAN, ALLSHOUSE & HEALY, of Chicago, for appellant; ROBERT G. DREFFEIN, of Chicago, of counsel.

No appearance for appellee.

MR. JUSTICE WILSON delivered the opinion of the court.

Wilner's Department Store, Inc., a corporation, made an assignment to the defendant, H. W. Cline, as trustee, for the benefit of all its creditors and transferred its property to him with directions to sell, liquidate and convert the same into cash, and after the

payment of costs to pay all the claims preferred under the laws of the State of Illinois, and to distribute the balance among its general creditors. Attached to the list of creditors was the name of the International Shoe Co., whose claim was scheduled at $192.75. The defendant Cline accepted the assignment and the trust and reduced the assets of the department store to cash. The International Shoe Co. consented to the assignment and, upon the distribution of the assets among the creditors, was tendered a check for $56.78 which it refused to accept because of the fact that it bore an indorsement that it was in full settlement of the claim of the International Shoe Co. against the Wilner's Department Store, Inc.

It is contended here that the International Shoe Company was entitled to receive its proportionate share of the distribution of the assets, amounting to $56.78, but that it could not be deprived of its right to satisfy the balance of its claim out of other assets of the Wilner's Department Store, Inc., if any other assets could be found.

A bill was filed praying that the defendant Cline, individually and as trustee, be compelled to pay the plaintiff the sum of $56.78, without executing a release in full satisfaction. A demurrer was sustained to this bill and this appeal prayed and allowed.

We have not been aided in our consideration of the cause by briefs on behalf of the defendant.

As the matter is presented to us, it appears that the proceeding was one by the Wilner's Department Store, Inc., to establish a common law trust for the creditors in a court of chancery. This it had a right to do. The National Bankruptcy Act suspended the statute of this State in reference to voluntary assignments for the benefit of creditors, but did not deprive the debtor of the right to make a common law assignment for their benefit and that right was not affected by the bank-

ruptcy act. *Pogue v. Rowe,* 236 Ill. 157. The circuit court had the power to administer the trust and this power is peculiarly within the province of a court of equity.

In *Howell v. Moores,* 127 Ill. 67, the court in its opinion said:

''Such a court will entertain jurisdiction to enforce the trust, created by an assignment for the benefit of creditors, at the suit of one or more of such creditors.''

The question for consideration is whether or not the creditor, International Shoe Co., by filing its claim and participating in the trust, was barred from enforcing the balance of its claim by accepting its proportionate share of the trust estate upon the winding up of the trust estate by the chancellor. The authorities seem to hold otherwise.

The Supreme Court of this State in the case of *Howlett v. Mills,* 22 Ill. 341, lays down the rule, in its opinion, as follows: ''The plea fails to aver, that defendants in error ever agreed to look to, or rely upon this property, to pay or discharge this debt. There is no averment, that they had, in consideration of the execution of the assignment, agreed to release their claim. It fails to aver, that they had received or were entitled to receive any portion of the fund from Sears, or in what manner the plaintiff in error had sustained damage. It does not aver that Sears had wasted, sacrificed, or misapplied the fund, or had in any manner been wanting in care and prudence in its management. But it simply relies upon the fact, that by the advice of the creditors, of whom defendants were a part, the property was surrendered by the assignee into the hands of Sears, and that he had reduced it to money. The mere assent by a creditor, that his debtor may make an assignment for the benefit of his creditors, cannot have the effect to release and discharge the debt, and this is what is asserted by this plea. It,

at most, could only be held to require him to look to the fund for his portion to be applied on his claim, and leave him to collect the remainder out of the debtor.''

To the same effect see 5 Corpus Juris, page 1302, sec. 516:

"(§ 516) E. DISCHARGE—1. GENERALLY. In the absence of any statute to the contrary, the mere assent of a creditor to the assignment does not discharge the debtor; nor does the distribution of the assigned property among the creditors entitle the assignor to a discharge from liability for his debts beyond the amount actually received by the creditors, unless they voluntarily release their claims, or expressly accept the assignor's property in full satisfaction of their claims.''

We are without the benefit of argument by counsel for defendant and, from the record before us, can only assume that the plaintiff did not expressly or by conduct release the Wilner's Department Store, Inc. by reason of filing its claim and becoming a party to the common law assignment proceedings.

The decree of the circuit court directing payment upon the signing of a release is, therefore, reversed and the cause remanded with directions to order the payment to be made without qualifications.

*Reversed and remanded with directions.*

HEBEL, P. J., and HALL, J., concur.