Bolster, C. J.
The report presents at the outset the question whether the obligation of a note is discharged by the payment of an amount less than all, when such payment is made by one whom the person liable on the note has supplied with funds for that purpose. The payment was made November 1, 1929', by check of an attorney, signed “James T. Pugh, special”, and bore the statement “In full settlement, P. Cartoni Co.” That company, maker of the note endorsed by this defendant, had turned over its assets to the attorney “to liquidate the corporation.” No common-law assignment was made. The report states that Mason (assistant treasurer of the plaintiff’s assignor) “agreed to take a ratable share; he assented with Pugh to the compromise between them.” This defendant in August, 1935, admitted in writing his liability as endorser, and made some payments. The case evidently went off on the ground, as stated by the trial judge, that when the defendant’s admission of liability was made “no debt existed.” And. the sufficiency of the settlement to produce that result is the point which the parties have chiefly argued.
As between the debtor and creditor, a part payment, though given and received as full payment, does not discharge the debt, unless there is consideration. Whittaker Chain Tread Co. v. Stand. Auto Sup. Co., 216 Mass. 204. cf. Barnett v. Rosen, 235 Mass. 244. Though called a “compromise” it does not appear that this was a disputed debt. Grinnell v. Spink, 128 Mass. 25. An agreement for satisfactian which has a new consideration is binding, Vaughn v. Robbins, 254 Mass. 35, but the mere acceptance of the check of an assignee, drawn against the funds of the debtor, is not satisfaction, still for want of consideration. Curran v. Rummell, 118 Mass. 482. Emerson v. Gerber, 178 Mass. *156 130. It does not appear in this case that any creditor other than the payee of this note discharged his debt, or that there were any such dealings between the creditors as would make pertinent the principle involved in Farrington v. Hodgdon, 119 Mass. 453. We have here a corporate debtor, of limited liability, owning assets less than its liabilities, proceeding to liquidate its affairs by paying its debts as far as its assets would go. A mere payment of a dividend and its acceptance by all creditors in such a case furnishes small ground to infer a mutual tacit agreement of all creditors to forego the balance of their several claims as against other persons liable. Even if the debtor here were a natural person, the recitals of this report show no “compromise” entered into with any other creditor. Perkins v. Lockwood, 100 Mass. 249. We are clear that the statement that “no debt existed” rested on legal error. Taking the evidence on this part of the case in its best light for the defendant, it only shows that the agreement of the holder of the note was nudum pactum.
We then pass to the defence of the statute of limitations. The declaration is upon the note, not upon any new promise. The note matured March 23,1928. The statute would begin to operate March 23, 1934. Two payments of $10 each were made by this defendant before that date, none after, but both payments were made within six years of the beginning of the action. On August 23, 1935, the defendant sent the plaintiff the letter contained in the report. The letter which it answered is not in evidence. The defendant’s letter says “I am not denying my indebtedness”, states present financial difficulty and offers to pay by instalments, an offer which apparently was not acceptable. It could be found that the defendant was talking about this debt and acknowledging it. Whitney v. Bigelow, 4 Pick. 110. Even if there be a question whether the acknowledg *157 ment is unqualified, Mumford v. Freemen, 8 Met. 432, there still remains the fact of payments.
To escape from the consequences of his letter and his payments, the defendant argues that he did not lmow of the payment by Pugh. A mistake about or ignorance of material facts may often be of importance in matters of estoppel, ratification, waiver and the like. On the other hand, a one-sided mistake is of no importance when it touches the creation of contractual rights. The important thing about an acknowledgment or payment under the statute is not that a letter has been written or a payment made, but that by doing those acts the debtor has revived a contractual duty. Legal standards in that field are objective and one’s mental state is irrelevant, Hobbs v. Massasoit Whip Co., 158 Mass. 194, cf. Restatement, Contracts, §503, and if the payment by Pugh did not discharge1 the note the defendant’s ignorance of it was of no consequence.
We think the plaintiff was entitled to have its first request granted, cf. Int’l. Textbook Co. v. Martin, 221 Mass. 1, 8.
Judgment for the plaintiff on the declaration.