Bolster, C. J.
This is an action upon a promissory note given the plaintiff in 1921. In 1929 the defendant made an assignment for the benefit of his creditors, the terms of which are not set out, in which the plaintiff did not join, and of which he did not know until in April, 1930, the assignee sent all creditors, including the plaintiff, dividend checks of 3%. The plaintiff kept his check till October, 1930, when the defendant told him to use the check, credit the proceeds to the interest on the note up to August, 1931, paid him enough cash to meet the balance of the interest, and said that he would pay the note if he could, an event which has not happened.
The burden of proving a release from the obligation of the note, as alleged in the answer, either by a sealed instrument, *248 or a paroi contract with consideration, lay upon the defendant. One Gorman, counsel for the assignee, testified that the dividend check had typewritten on its back “a release of both the defendant and his assignee”. That was the only evidential basis of a finding of release, which the judge found and ruled constituted “a valid and complete defence to this action”. There was no evidence of a seal and we do not think the judge could assume the presence of one. It. then is reduced to paroi and consideration is needed. The check of a third person who is only disbursing the debtor’s funds will not suffice.' The plaintiff could have used the check when received, said nothing, and kept his claim. Emerson v. Gerber, 178 Mass. 130, cf. First Nat. Bank v. Cartoni, App. Div. #400418 (46-208), assuming the release unsealed.
The judge has expressly disclaimed resting his decision upon the Statute of Limitations. Consequently the efficacy of payment or promise to avoid the bar of that statute is not involved. He has not found that though the obligation of the note persists, the right of action upon it is barred. What he has found is that the obligation itself has. been extinguished. His subsidiary findings on that point are that “when he endorsed and cashed the dividend check, which bore the release upon its back, he accepted the money in full payment”-“the only remaining defence is that of the release incorporated in the dividend check.” I find and rule that it constitutes a valid and complete defence to this action. If there is material error it lies in that ruling. The plaintiff’s requests do not reach the field of discharge.
Whatever the true historical reason for the rule, cf. 12 Harvard Law Review, 521, et seq., we take it as settled that the acceptance “in settlement” of a partial payment by a debtor or out of his assets, of an undisputed, liquidated claim is no bar to a suit for the remainder, unless there be *249 a further consideration. Harriman v. Harriman, 12 Gray 341. Curran v. Rummell, 118 Mass. 482. Perkins v. Lockwood, 100 Mass. 249. Bowditch v. Chickering, 139 Mass. 283, 288. Specialty Glass Co. v. Dailey, 172 Mass. 460. Barnett v. Rosen, 235 Mass. 244. Chamberlain v. Barrows, 282 Mass. 295. Williston, Contracts, §§120, 124, 1854.
Whether you call it “release” or “discharge” or “accord and satisfaction” or “payment on condition” is only a difference in words. The essentials of the transaction are the same. A paroi release must have a consideration or it is nudum pactum.
'Of course, if it was a justifiable inference from Mr. Gorman’s testimony that the release was by deed, this finding stands. The evidence came in irregularly, and on objection would have had to be excluded. It related, not to a collateral matter, but to a vital issue in the case, the intrinsic character of a written instrument. Assuming that secondary evidence was admissible because of the loss of the original, what was required Was evidence of its terms, so that the court could give it proper legal construction. That function cannot safely be passed on to witnesses, even if trained in the law. Wigmore, Evidence, §1957. To illustrate, it might appear, if its terms were known, that the check bore no wafer. Whether its terms or inscriptions met the requirements of Gen. Laws (Ter. Ed.) Ch. 4, §9A, might be a question of some nicety. To accept the mere statement of a witness that the check bore a “release” and to conclude from that alone that it was a release effective in law appears to us to give undue probative weight to the testimony. Moreover, if it was a good release, the added statement in the disposition of the sixth request “he accepted the money in full payment” is irrelevant. The extinguishment of the debt by a release is one thing; its extinguishment by part payment, accepted as full pay *250 ment, is a different thing. We think there is too much ground for apprehension of legal error to allow this finding to stand.
New trial ordered.