The Munsingwear Corporation, Appellee, v. Edd Harris, Trading as Harris Supply Company, Appellant.

Opinion filed March 9, 1938.

FRANK E. TROBAUGH, MYRON E. CLEM and STEPHEN E. BRONDOS, all of West Frankfort, for appellant.

PAUL A. JONES and NEALY I. GLENN, both of Benton, for appellee.

MR. JUSTICE EDWARDS delivered the opinion of the court.

On October 19, 1935, defendant, doing business as Harris Supply Co., being insolvent, made a voluntary assignment for the benefit of creditors, and Walter Syfert was named as trustee in the deed of trust. The property of defendant, consisting of merchandise, was sold, and the proceeds, after deducting expenses, were

paid to the creditors in the form of dividends. A check mailed to plaintiff for its pro rata share of the proceeds was returned without being cashed.

Plaintiff brought suit on its demand, which was a merchandise account amounting to $462.28, before a justice of the peace, where a jury found for the defendant. The circuit court, on appeal, the cause being heard without a jury, rendered judgment for plaintiff for the full amount of its claim and defendant brings the cause here to review such finding.

Upon the execution of the deed of trust the attorney for the trustee wrote each of defendant's creditors, acquainting them with the situation and enclosing an affidavit of claim; also, a consent to the proceeding to be signed by the creditor, which provided that the dividend to be declared and paid by the trustee should be in full of the creditors' demands. As we understand the situation, all creditors signed the same except the plaintiff.

On October 28 the attorney for the trustee wrote the creditors that he had been informed by an East St. Louis attorney that certain creditors were contemplating forcing defendant into bankruptcy, and the attorney urged the creditors to sign the consent to the assignment proceeding and file affidavits of their claims, asserting that they would thereby realize a greater dividend than if the matter proceeded through bankruptcy.

On November 4 plaintiff's attorney acknowledged such letter and stating a willingness to co-operate in the matter, expressed the hope that bankruptcy might be avoided. He also therein asked for certain information as to the financial status of defendant, averring that defendant, during the preceding February, had rendered plaintiff a written statement of his financial worth which showed him to be much better off than indicated by the letter of trustee's attorney, and asking

information in relation thereto. On November 9 the latter wrote to plaintiff's attorney, giving information regarding such matter, and on November 12 plaintiff's counsel replied asserting a willingness to co-operate in the matter, stating, however, that his client felt there was fraud on the part of defendant in obtaining the goods, and asking for further information concerning the time when defendant had previously gone into bankruptcy; also suggesting that it would be to the creditors' interests that further investigation be made of defendant's operation of the business.

On November 26 the trustee's attorney again wrote all creditors that he was fixing December 2 as the final date to receive affidavits and consents from creditors, and if not in receipt of same by which date such creditors as failed to file would receive a dividend based upon the amount as shown by defendant's books.

Plaintiff's answer to same was the starting of suit in the justice court on December 9, which cause was from time to time continued until January 31, 1936, when it was finally decided. The trustee, on January 4, 1936, mailed to plaintiff a check for $92.46, being the dividend on plaintiff's claim, which check the latter did not cash but returned on February 7, 1936.

Defendant claims that the letters of plaintiff's attorney of November 4 and November 12 amounted to a consent to the trusteeship and led defendant to so believe; that otherwise the latter would have gone into bankruptcy, and that relying upon such letters he changed his position to his damage.

There is nothing in the evidence to indicate that defendant would have altered his course in anywise if plaintiff had promptly refused to enter into the trust arrangement. He made the deed of trust without consulting any of his creditors, and there is nothing to show that his position was in any way changed by the conduct of plaintiff. Nor do the letters evince any con-

sent of the plaintiff to either enter the trust arrangement or accept a dividend in full payment of its claim. The most that can be said is that it would have been willing to enter into the arrangement if it was to its interest to do so. This is shown by its inquiries for information and the suggestion that further investigation be made into the conduct of defendant's business. It nowhere agreed to accept a dividend in full of its claim, and unless it expressly did so it would not be bound by the trusteeship even though it assented thereto; *Howlett v. Mills,* 22 Ill. 341; 5 Corpus Juris, p. 1302.

Defendant further urges that debtors' assignments such as this are favored in law because they tend to expedite payment to all creditors without unnecessary litigation and expense. Such is the law. *Cardiff Gypsum Plaster Co. v. Hales C. & M. Co.,* 239 Ill. App. 16. However, to be operative in the particular case it must appear that the creditor not only assented to the trust arrangement, but that he expressly agreed to accept the dividend in full satisfaction of his demand; *Emerson v. Gerber,* 178 Mass. 130, 59 N. E. 666; 5 Corpus Juris, p. 1302. Such is not shown by this record.

We think the judgment is right.

*Judgment affirmed.*