*Western District*

### EASTERN OIL COMPANY, INC.
v.
### ROY E. HARRISON d-b-a
### ASPHALT PAVING COMPANY

*Present:* Riley, P. J., Hobson and Moore, JJ.

Case tried to ————————, *J.* in the Central District Court of Worcester. No. 90402.

*Moore, J.* This is an action of contract in two counts; one for a sum due according to an account annexed and one for a sum due on an accounting both being for the same cause of action.

The defendant in answer filed a general denial and a plea of payment. Later the defendant amended his answer, on motion duly allowed, by adding a plea of accord and satisfaction. Although the report is lengthy, containing apparently most of the testimony and evidence, the issues are not numerous or involved. One of the points at issue would seem to be a question of fact, and the other point to involve a mixed question of law and fact.

*The trial court found that* the parties to the action agreed after conferences that original-

ly there was due from the defendant, to the plaintiff the sum of $2,724.23 later retabulated to be $2,738.81 because of an additional item of $14.58; that certain credits because of return of goods and rent accounting left a balance due the plaintiff of $1,143.57. The Court also found as a fact that the giving of credit of one of the credit items was conditioned upon the payment of the amount of that item by third parties who were purchasing the business of the defendant. The item was for tools in the amount of $350.57. The Court found that the third parties never took the tools; that they were not turned over to the plaintiff and that the third parties never paid the plaintiff for them.

The trial court also found that a check of the defendant in the sum of $1,143.57 payable to the plaintiff was received by the plaintiff, endorsed by it, and deposited; we assume, in a bank and that the check was honored although the report is silent as to this last feature. On this check appearing on the front of it in the left hand corner box was the following "Paid — in full — entire account for 1280 Main Street, $1,143.57".

The defendant filed the following requests for rulings:

1. The evidence warrants a finding for the Defendant.

2. The evidence does not warrant a finding for the Plaintiff.

3. As a matter of law the accounting on or about February 4, 1954, between the parties

was of full accord and satisfaction of the amount owed.

6. The evidence warrants a finding that the giving of a check for $1,143.57 and a battery for $15.00 and inventory of $1,114.43 and tools etc. for $350.37 and a refund of $100.86 for rent by and to the plaintiff constituted a legal tender of payment by the Defendant.

7. The evidence warrants a finding that the acceptance by the Plaintiff of Defendant's tender as mentioned in request for ruling No. 6 is a discharge of Defendant's obligation to the Plaintiff.

8. Acceptance of the check marked "paid in full" is a discharge of Defendant's obligation to the Plaintiff.

The Court disposed of Defendant's Requests for Rulings as follows:

"I deny Request Nos. 1 and 2.

"I deny Request No. 3 as inconsistent with the facts found by me on all the evidence that at the accounting held between the parties, on February 13, 1954, there was no accord and satisfaction between the parties and that the Defendant specifically agreed that there was a conditional credit of $350.37 which would be credited to the Defendant when and if a check for this amount was received from Bailey and Clarke.

"I rule that Requests Nos. 6 and 7 became immaterial, in view of the specific facts found by me.

"I deny Request No. 8 as inconsistent with the specific facts found by me on all evidence that the check in the amount of $1,143.57 was not accepted by the Plaintiff corporation in full pay-

ment of the amount due and did not constitute a discharge of the Defendant's obligations and in view of my specific findings that the Defendant agreed that Bailey & Clarke was to pay the $350.37 and this credit was given to the defendant conditionally and for his convenience and accommodation and that if Bailey & Clarke did not pay it, then the Defendant would, and in view of my further findings that the Defendant received monthly statements from the Plaintiff corporation and did not deny or object that this balance was due."

The trial court found for the plaintiff in the sum of $364.95 with interest of $25.56 for a total of $390.51 and the defendant claims to be aggrieved by the court's denial of his requests numbered 1, 2, and his disposition of requests numbered 6, 7 and 8.

The denial of request No. 1, if erroneous, becomes immaterial due to the findings of fact of the trial court. *Connell v. Maynard,* 322 Mass. 245.

There was no error in denying request No. 2 because the trial court made a specific finding of fact that the item for tools in the amount of $350.37 was only credited conditionally which condition was not met. This finding is one of fact and is not to be reviewed by this Court. *Casey v. Gallagher,* 326 Mass. 746; *Castano v. Leone,* 278 Mass. 429.

The denial of request No. 3 raises the question as to whether, as a matter of law, there was an accord and satisfaction. The trial court specifically found that there was

no accord and satisfaction. It was not compelled as a matter of law to find that there was an accord and satisfaction. In order that there be an accord and satisfaction it must be founded on additional consideration. *Curran v. Rummell,* 118 Mass. 482.

Payment of a lesser sum in discharge of a greater is not an accord and satisfaction. *Attorney General v. Am. Legion of Honor,* 196 Mass. 151, 162; *Curran v. Rummel,* 118 Mass. 482.

The fact that the check had on its face the words "in full" and the check was endorsed by the plaintiff does not necessarily operate to constitute a release by the plaintiff of his claim against the defendant. *Grinnell v. Spink,* 128 Mass. 25.

In the case of *Nelson v. Weeks,* 111 Mass. 223, the plaintiff signed a receipt for a certain amount with the words "approved, correct and satisfactory" and it was held that this did not constitute a discharge of the debt.

The appellant (the defendant) in his brief relies strongly on the statement in the case of *Illustrated Card and Novelty Company v. Dolan,* 208 Mass. 53 at page 54 that "presentment for payment at the bank on which it was drawn and receipt of the amount would have been conclusive evidence of its acceptance by the plaintiff on the terms on which it was sent." That statement however is simply dictum in the case. As stated in *Cochran v. Zahos,* 286 Mass. 173 at 176 "our law is thoroughly established that acceptance and

retention by a creditor of a check from a debtor does not necessarily constitute a payment."

Whether there is an accord and satisfaction even though the words "in full" or similar words are used can be a question of fact. *Worcester Color Co. v. Henry Wood's Sons Co.*, 209 Mass. 105, at 110. See *Champlin v. Jackson*, 313 Mass. 487. In the case before us the trial judge made a specific finding that the plaintiff and the defendant did not enter into a contract (sic) of accord and satisfaction.

The disposition of Defendant's requests numbered 6, 7 and 8 were proper due to his specific findings which rendered them immaterial. *Connell v. Maynard*, 322 Mass. 245.

We are of the opinion that there was no prejudicial error in the denial and disposition of the defendant's requests and that the order should be; report dismissed.