BANK v. SHOOK.

(*Nashville.* January 25, 1898.)

1. BILLS AND NOTES. *Release of joint maker valid, when.*

A release, upon sufficient consideration, and with the consent of other interested parties, of one of several makers of a note, by merely erasing his signature, is valid and effectual without other writing. The statutes relating to releases in writing have no application in such case. (*Post, pp. 437–443.*)

Code construed: §§ 5570, 5571 (S.); §§ 4538, 4539 (M. & V.); §§ 3789, 3790 (T. & S.).

Cases cited: Evans v. Pigg, 3 Cold., 397; Richardson v. McLemore, 5 Bax., 586; Williams v. Hutchings, 10 Lea, 328; 8 Hun (N. Y.), 559; 3 Woods (U. S.), 19; 17 N. J. L., 275; 37 Iowa, 410; 35 Vt., 355; 43 Vt., 439; 4 Exch., 755; 22 Wend. (34 Am. Dec.), 340.

2. SAME. *Consideration for release.*

It is a sufficient consideration to sustain the release of one of four joint makers of note payable on demand, that he paid, before demand, his aliquot part of the debt, which was accepted in full satisfaction of his liability on the note, and that this situation was acquiesced in with full knowledge by all the parties until the other makers, then solvent, had become utterly insolvent. (*Post, pp. 444, 445.*)

Cases cited: 14 Wend., 119; 64 Am. Dec., 136.

3. BANKS AND BANKING. *Ratification of release of joint maker of note.*

A bank ratifies and estops itself to dispute the act of its cashier and vice president releasing one of several joint makers of a note, when, with full knowledge of all the facts, it fails to object, and permits the released party to rest in security until the other makers, then solvent, have become utterly insolvent. (*Post, pp. 439, 440, 443, 444.*)

Cases cited: Bank v. Campbell, 4 Hum., 394; Fort v. Coker, 11 Heis., 579; Raht v. Mining Co., 5 Lea, 1; Hart v. Dixon, 5 Lea,

Bank *v.* Shook.

336; Evans *v.* Buckner, 1 Heis., 291; Williams *v.* Storm, 6 Cold., 203.

FROM DAVIDSON.

Appeal from Chancery Court of Davidson County. H. H. COOK, Ch.

STOKES & STOKES for Bank.

J. C. BRADFORD for Shook.

WILKES, J.    The original bill in this cause was filed against A. M. Shook, J. P. Williams, N. Baxter, Jr., and G. M. Fogg, Jr., to recover upon a note executed by them to the bank.    Shook alone made defense.    Judgment was taken against the other parties in the Court below, but denied as to Shook. The complainant appealed from the decree of the Court below so far as it failed to hold Shook liable, and the Court of Chancery Appeals affirmed the decree of the Court below, and complainant has appealed to this Court and assigned errors.    The note sued on is in the words and figures as follows, except that the name of A. M. Shook appears with a line drawn through it:

$9,296.00
2,324.00
$6,972.00

"NASHVILLE, TENN., June 1, 1891.

"On demand, after date, we promise to pay to the order of H. W. Grantland, Cashier, Ninety-

Two Hundred and Ninety-Six $\frac{00}{100}$ Dollars, at First National Bank, for value received, with interest.

"J. P. WILLIAMS,

"A. M. SHOOK,

"N. BAXTER, JR.,

"G. M. FOGG, JR."

The Court of Chancery Appeals reports that the erasure of the signature of A. M. Shook was made April 20, 1892, upon the payment, at that date, by Mr. Shook, of $2,324, under the facts and circumstances following: After the note was made, and two or three payments of interest had been made upon it by all the parties, Mr. Shook said to the gentlemen who were upon the note with him, that he had money in bank, and was unwilling to pay interest any longer upon the note. Mr. J. P. Williams, one of his co-makers, was also the vice president and acting cashier of the bank, and stated to Mr. Shook that if he desired to pay his part of the note and get off of it, he could do so, to which Mr. Shook replied that such an arrangement would be satisfactory to him. Shook thereupon paid the amount stated by Williams to be his share, and Williams erased his name from the face of the note, as heretofore indicated, and said to him, "You are now released from this note."

The Court of Chancery Appeals further finds that Williams assumed in the matter to represent the bank, and that there was an express agreement be-

tween him and Shook that Shook should be, and was, released.

The suit in this case was brought December 9, 1896, and between the dates when the payment was made by Shook and the erasure made by Williams, and the bringing of the suit, the fact of the release and erasure were frequently brought to the attention of the bank, through its directors and officers, and there was a failure to disaffirm the action of Williams, the vice president and cashier, in making the erasure and release.

The Court further finds that when the erasure and release were made, each of the other makers was worth many times the amount of the note, and was in good credit. Before the suit was brought all but Shook had become insolvent.

The Court further finds that Shook believed Williams had the authority to make the release; that the transaction was made in good faith by both parties; that there was no concealment of the facts; that the other makers continued to pay interest on the note for several years; that the assistant cashier and discount clerk of the bank knew of the release as early as April, 1893; that the release was known to the other makers of the note, and acquiesced in by them; that in September, 1893, the fact of the release became known to an examining committee of the board of directors; that the matter came before the open board in April, 1894, and that the bank, with full knowledge of the facts, did not disaffirm

the transaction until the bill was filed, and left Shook under the belief that he was released and discharged. The Court was of opinion that Williams had the authority to make the release according to the usual course of the bank's business as conducted by him; that the bank, by its failure to disaffirm, ratified and confirmed the release, and that the effect of its silence and non-action was to prejudice Shook and estop the bank.

Two principal questions are raised by the assignments of errors.

1. That a release from the whole of a debt by payment of part only, can only be binding and effective when it is in writing.

2. That the bank, under the facts found by the Court of Chancery Appeals, did not ratify the acts of Williams, its vice president and cashier, in making this release, and that the bank is not estopped by its laches or failure to object to the release, from holding Shook liable on the note.

The argument is that at common law such payment of part of a debt would not operate as a release and discharge of the whole, unless a release was executed under seal. Beach on Contracts, Vol. I., Secs. 424, 432; 1 Am. & Eng. Enc. L., 97, 98. This was upon the idea that the seal imported a consideration, and without such consideration the release would be inoperative. It is insisted that the matter of releases is now wholly regulated by and dependent upon the provisions of the statutes (Shan.,

§§ 5570, 5571), and that, under these statutes, a release or satisfaction of the whole upon payment of part, is only valid when in writing, and can be effective in no other way.   We are of opinion this is putting too broad a construction upon the sections referred to, but their meaning is that if the release or satisfaction is effected by means of a writing, then the writing would have the same effect as the use of a seal at common law—that is, would import a consideration, the use of seals being abolished by the statute in Tennessee. Shan. Code, §§ 3213, 3214. Again, these statutes provide that such written releases shall have the scope and effect that the parties intended, and not such as would follow at common law.   In other words, and by way of illustration, if it was intended that such release should not affect the liability of other parties jointly bound, then such intention would prevail. *Evans* v. *Pigg*, 3· Cold., 397; *Richardson* v. *McLemore*, 5 Bax., 586; *Williams* v. *Hutchings*, 10 Lea, 328.   But it was not intended by the statute to prescribe that a release and discharge could only be made valid and effectual by writing—as, for instance, when the instrument is so canceled and defaced as to preclude a suit upon it, the intention being to discharge it, or when the instrument is destroyed, or when it is delivered up to the party to be charged with it, either with or without defacement, in all of which cases no writing would be necessary. *Hunt* v. *Reynolds*, 8 Hun (N. Y.), 559; *Booth* v. *Smith*, 3

Woods (U. S.), 19; *Gardner* v. *Gardner*, 22 Wend. (34 Am. Dec.), 340.

We are unable to see why the tearing off of the signature of one of the makers, or an erasure of such signature, with intent to release him, would not have the same effect as a destruction of the instrument *in toto*, so far as he is concerned. *Silver* v. *Reynolds*, 17 N. J. L., 275. Of course, if, after such tearing and erasure the instrument should not be delivered up, but should be detained by the holder, it would require proof to show that the intention of the parties was that it should no longer have effect, and to explain why it was retained and not delivered up to the maker. Even at common law there were exceptions to the general rule as we have stated it, one being that if such payment of part of the debt was made before it matured, it would operate as a release and discharge. Lawson on Contracts, Sec. 104; 1 Smith's Lead. Cas., 601; 2 Dan. Neg. Insts., 285. And another exception is when the note is canceled and delivered up, or delivered with or without cancellation. *Silver* v. *Reynolds*, 17 N. J. L., 275; *Murray* v. *Snow*, 37 Iowa, 410; *Norman* v. *Thompson*, 4 Exch., 755; *Ellsworth* v. *Fogg*, 35 Vt., 355; *Draper* v. *Hill*, 43 Vt., 439.

The Court of Chancery Appeals finds that this note was payable on demand, and that no demand had been made before the release of Shook, and hence it was done before the debt fell due. That Court was also of opinion that the erasure of Shook's

name was equivalent to a destruction of the note, or a delivery to him, and that the detention of it was not because of any further demand or liability as to Shook, but solely in order to hold the other makers upon the note for the balance. We need not decide whether the first proposition is well taken, but we are of opinion the latter one is; and the payment before maturity is important as importing a consideration.

In regard to the matter suggested in the second assignment, it is argued that the statute requires a release to be in writing, and, if not in writing, it is void and cannot be ratified. This, we think, is error. The release, at most, is only voidable, and could be ratified in the same manner as a contract relating to lands, and will become effective if the party affected does not rely upon the statute. Any act not absolutely void may be ratified, and silence and acquiescence, after full information, will suffice to make out an act of ratification. Mechem on Agency, Secs. 153–158; *Fort* v. *Coker*, 11 Heis., 579–590; *Hart* v. *Dixon*, 5 Lea, 336; *Evans* v. *Buckner*, 1 Heis., 291; *Williams* v. *Storms*, 6 Cold., 203, 207.

And the doctrine applies to corporations as well as individuals. Mechem on Agency, Sec. 158; 4 Thompson's Corporations, Sec. 5298; *First Nat. Bank* v. *Fricke*, 75 Mo., 178; *Perry* v. *Simpson Water-proof Manuf. Co.*, 37 Conn., 520; *Pittsburg Railroad Co.* v. *Keokuk Bridge Co.*, 131 U. S., 371;

*Indianapolis Rolling Mill Co.* v. *St. Louis*, 120 U.
S., 256; *Martin* v. *Webb*, 110 U. S.

The Court of Chancery Appeals was of opinion·
that the bank had notice, through its officers and
directors, as early as September, 1893, of the release
of Shook, and this would be notice to the bank and
estop it.    In this conclusion of law upon these facts,
we are of opinion that that Court is correct.    *Union
Bank* v. *Campbell*, 4 Hum., 394; 4 Thompson · on
Corp., Secs. 5209, 5247, 5210; *Raht* v. *Mining Co.*,
5 Lea, 1.

It is said that there was no consideration for the
release of Shook.    The rule denying the release of
the whole, when part only is paid, with an agree-
ment that it shall discharge the whole, is said to be
one that is highly technical, and not well supported
by reason.    It will, therefore, require but slight
consideration to support it.    *Kellogg* v. *Richards*, 14
Wend., 119.    As, for instance, it is binding if
made at a place different from that appointed in the
contract (*Jones* v. *Perkins*, 64 Am. Dec., 136), or
if payment is made before the obligation is due.
Lawson on Contracts, Sec. 104; 2 Daniel on Neg.
Instruments, 285.    And there are no degrees of
validity among valuable considerations.    20 Am. &
Eng. Enc. L., 744, and note.

We are of opinion that sufficient consideration is
shown in this case.    The payment of the note be-
fore maturity, so far as Shook was concerned, can-
not be treated as solely for his accommodation,· since

the note remained, after his name was erased, perfectly good for a greater amount than it called for. Again, the prejudice to Shook arising out of the impression made upon him that he was released must be regarded as a consideration. It is said that the statement made by Williams, the vice president and cashier, to Shook when the erasure was made, that he was thereby released, must be regarded as the mere expression of a legal opinion on his part, upon which Shook could not rely. The Court of Chancery Appeals, however, finds to the contrary, that there was an express understanding and agreement at that time that Shook should be, and was, released.

We are of opinion that, under the facts as found by the Court of Chancery Appeals, the conclusion of that Court is correct, and the judgment of that Court is affirmed.