## A. M. TIPPETT v. CHARLES T. SHAW.

Middle Section.　September 28, 1926.

Petition for Certiorari denied by Supreme Court, January 29, 1927.

1. **Evidence. Judgments. Judgments and decrees cannot be impeached by parol evidence.**
      Judgments and decrees of a court of record cannot be corrected or impeached on parol evidence, except for fraud, inevitable accidents, surprise or mistake in a suit brought for the purpose.

2. **Evidence. Parol evidence impeaching a judgment improperly admitted.**
      In an action to revive a judgment where it was insisted that another judgment had been entered as a compromise settlement of the first judgment and the record was offered of the second judgment which did not show a compromise, held that the parol testimony in regard to the compromise was improperly admitted.

3. **Evidence. Judgments. Oral testimony of payment and satisfaction of a judgment is admissible.**

Oral testimony of payment and satisfaction of a judgment is admissible because proof of payment is not a collateral attack upon the judgment and in no sense contradicts or impeaches the terms of the judgment.

4. **Accord and satisfaction. There is no accord and satisfaction where party orally agrees to the payment of a smaller sum in satisfaction of a larger sum.**

In an action to revive a judgment where the defense was that the judgment had been satisfied with a less sum, held that since the agreement was oral there was no consideration for the release and the judgment was not discharged.

5. **Contracts. An oral release must be supported by a consideration.**

Where the contract is oral a general release without consideration is void but an oral release is binding if supported by consideration.

6. **Contracts. A written contract purports consideration.**

Where a release of a larger sum by the payment of a smaller is made in writing it is not necessary to show a consideration as the written instrument of itself purports a consideration.

7. **Trial. A party is bound by the statements of his counsel at the trial.**

A party is bound by the admissions of his counsel made in the trial and an objection that there is no evidence to support the point will not lie where it has been admitted by counsel in his statement to the court.

Appeal in error from Circuit Court of Davidson County; Hon. A. G. Rutherford, Judge.

Reversed.

J. G. Lackey, of Nashville, for plaintiff in error, Tippett.

C. H. Rutherford, of Nashville, for defendant in error, Shaw.

CROWNOVER, J. This was an action to revive a judgment of a Justice of the Peace that was about to be barred by the statute of limitation. The action was begun before a Justice of the Peace and appealed to the circuit court where it was tried by the judge without a jury, resulting in a dismissal of plaintiff's action. The record shows that almost ten years ago the plaintiff obtained a judgment for $288.50 and costs against defendant and others, credited with $175. obtained by a garnishment proceeding against the Park Drug Company on July 3, 1920, and this action was brought to recover the balance of said judgment with interest.

At the trial the court asked what the suit was about. Counsel for plaintiff stated that it was a suit to revive the balance of said judgment with interest amounting to $223.50. Counsel for defendant stated that his defense was that "the judgment had been compromised, settled and paid in full."

The plaintiff's insistence was that he had a judgment for $288.50, together with interest thereon, credited with $175. by garnishment and that he was entitled to a judgment for the balance, with interest.

The defendant's insistence was that after the judgment was rendered by the justice, a garnishment proceeding was served on the

Park Drug Company, which resulted in a judgment by default against that company, but that the garnishment proceeding was removed to the circuit court by certiorari, when defendant and one Scott, a deputy sheriff and agent for plaintiff, entered into a verbal compromise or settlement of the whole matter and allowed judgment to be entered in the garnishment case for $175, with the agreement that when paid it should be a full settlement of the original judgment of the justice, and that Scott accepted the $175, with the agreement that the defendant should be relieved from the further liability, and that the defendant had paid the $175 as satisfaction in full, and he was, therefore, released.

The petition for certiorari, the judgment and the entries on the execution docket in the garnishment proceeding in the circuit court were read in evidence.

The judgment entered in the garnishment proceeding was as follows:

"MINUTE BOOK 8, Page 231 and 32 of the Third Circuit Court. Thursday, May 6, 1920.

"A. M. TIPPETT v. PARK DRUG COMPANY.

"This cause came on to be heard before the Hon. E. F. Lankford, Judge, etc., sitting without the intervention of a jury, upon the evidence, argument of counsel and after due consideration whereof the court is pleased to find the matters in controversy in favor of the plaintiff and is of the opinion that the defendant is indebted to the plaintiff in the sum of $175.

"It is therefore considered that the plaintiff have and recover of the defendant, and T. W. Crutcher, surety, the sum of $175, also all the cost of this cause, for which let execution issue.

"E. F. Lankford, Judge."

The execution docket in that case set out the amount of the judgment and bill of cost, and showed that a fi. fa. had been issued on June 7, 1920, that "the judgment had been satisfied in full by payment of $175. on July 3, 1920," that the attorney for defendant, Park Drug Company, had paid the cost, and that the execution was returned by order of attorney in that case.

The defendant took the witness stand and testified, over plaintiff's objection, that he and two other parties had signed the original note as surety and that judgment was rendered against them in favor of Tippett before a Justice of the Peace; that he was working for the Park Drug Company at the time the garnishment proceeding was served on that company, and judgment was rendered by default; that the said company owed him nothing or at most not more than $10, wages; that said company removed the case to the circuit court by certiorari where judgment was again rendered by default but was later set aside; and, pending a hearing, he and Scott, as agent for the plaintiff, made a verbal compromise settlement of the whole mat-

ter, by agreeing that judgment in the garnishment proceeding be entered for $175 with the express understanding that when paid, it should be in full settlement of the original Justice's judgment, and that Scott accepted the $175 with the agreement that defendant be released from further liability, and that the amount and the costs were paid and entries made as above set out.

This testimony was excepted to by plaintiff because it contradicted the expressed terms of the judgment; but the court overruled the objection and dismissed the action, to which plaintiff excepted and appealed in error, and has assigned that the court erred:

> (1) In permitting defendant to testify, over plaintiff's objection, that the garnishment judgment was a consent judgment and in full of the original judgment, as the testimony contradicted the terms of the judgment.

> (2) In permitting defendant to testify, over plaintiff's objection, that he had paid the garnishment judgment as a compromise and in full settlement of the original Justice's judgment, as it tended to contradict the record.

> (3) Because there is no evidence to support the judgment.

> (4) Because the payment of a sum less than the judgment was no consideration for the release of the original judgment.

After an examination of the record we are satisfied that the court should have sustained the exceptions set out in the first assignment of error, as it is well settled that judgments and decrees of courts of record cannot be impeached or corrected upon parol evidence except for fraud, inevitable accident, surprise, or mistake in a suit brought for the purpose. See, Williams v. Tenpenny, 11 Humph., 179; Carrick v. Armstrong, 2 Cold., 268; Coffee v. Neely, 2 Heisk., 317; Bank v. Patterson, 8 Humph., 363; Watt v. Carnes, 4 Heisk., 534; Gibson's Suits in Chy. (2 Ed.), sec. 814.

In a court of law parol evidence is not admissible to vary or contradict the terms of a judgment. See, Patterson v. Bank, 8 Humph., 363; Gibson's Suits in Chy (2 Ed.), sec. 442, 446.

The garnishment judgment on its face states that the case was heard by the judge upon the evidence and argument of counsel from which he found the matters in controversy in favor of the plaintiff, and was of the opinion that the defendant was indebted to the plaintiff in the sum of $175, for which he rendered judgment. This is a plain declaration of facts which cannot be contradicted by oral testimony. The oral testimony introduced was that it was a compromise judgment, entered by consent, that the Park Drug Company owed the defendant nothing, and that the consent judgment was entered and paid as settlement in full of the original judgment. This testimony contradicted the judgment. It has been held in Tennessee that extrinsic evidence is admissible to show the issues, where the record does not clearly show them, provided such testimony does not

contradict the judgment. Where the former judgment is general and uncertain, parol evidence is admissible to show what was involved in the issue and settled by the judgment. See, Berches & Company v. Arbuckle Bros., 111 Tenn., 498, 509, 34 C. J., 506; Jones on Evidence in Civil Cases (3 Ed.), secs. 599, 600. But our courts have distinctly held that parol evidence is not admissible to contradict or impeach the expressed terms of the judgment except for fraud, accident or mistake. It results that the first assignment of error must be sustained.

We think the second assignment of error should be overruled, as oral testimony of payment and satisfaction of a judgment is admissible. The proof of payment is not a collateral attack upon the judgment, and in no sense contradicts or impeaches the terms of the judgment. See, Finley v. Gaut, 8 Bax., 148-152; Gates v. Brinkley, 4 Lea, 710; 23 C. J., 544-5.

It results that this assignment of error must be overruled.

The third and fourth assignments of error, to the effect that there was no consideration for the release of the balance of the judgment and that there was no evidence to support the judgment, present much more difficult questions.

The record shows that the plaintiff had obtained a judgment for $288.50 against the defendant and others in a Justice's court. Sometime thereafter, in 1920, a garnishment proceeding was instituted against the Park Drug Company, for whom the defendant worked, and judgment was obtained by default. This proceeding was removed to the circuit court by certiorari and pending that suit the defendant and the agent of plaintiff entered into an oral agreement, whereby a judgment was entered against the Park Drug Company for $175, with the understanding that when that judgment was settled, it was to be in full satisfaction of the original justice's judgment, and that the defendant was to be released from further liability.

The plaintiff insists that this agreement is not binding because it was not based upon a consideration, and that payment of a less sum than the whole is no consideration for a release.

By the terms of the statute, Shannon's Code, sections 5570-1:

"All receipts, releases and discharges in writing, whether of a debt of record or a contract under seal, or otherwise, shall have effect according to the intention of the parties thereto," and;

"All settlements in writing, made in good faith, for the composition of debts, shall be taken as evidence, and held to operate according to the intention of the parties, although no release under seal is given and no new consideration is passed."

Our Supreme Court, in construing these statutes, has held that if the release or discharge is in writing, it shall have effect according

to the intention of the parties, even though it is not based on any new consideration. This is on the theory that all written contracts import a consideration, (Shannon's Code, sec. 3214) and it is therefore, not necessary that a consideration be set out in the contract. But, where the contract is oral a general release without consideration, is void, but an oral release is binding, if supported by a consideration, See, Miller v. Fox, 3 Cates, 336, 76 S. W. 893.

"The payment of a smaller sum in satisfaction of a larger sum is not a good discharge of a debt, for it is doing no more than the debtor is bound to do and is therefore no consideration for the creditor's promise to forego the residue. This rule does not apply, however, in bona-fide cases of compromise and settlement, or where there is a new circumstance raising a new consideration, as where part payment is made before the debt is due, or at another place, or in a different medium than that required by the contract, or where there is a promise to pay interest, or security is given, or where payment is by the third person, or by note or check of a third person, or where the payment of the smaller sum is guaranteed, or a note therefor is endorsed by a third person, nor does the rule apply where there is a gift of the residue, or whether the residue is released by instrument under seal, however, as we have seen the use of a seal dispenses with the necessity for a consideration." See, 13 C. J., 357-8; Bank v. Shook, 100 Tenn., 436.

In Tennessee the seals have been abolished by statute and a release in writing is sufficient without a consideration. See Shannon's Code, secs. 5570-1, and 3214.

In the case of Bank v. Shook, supra, the court held that where one of the parties paid a proportional part of the note, an oral release of the residue was valid because it was based on a sufficient consideration in that the payment was made before the maturity of the note, and in view of the estoppel arising out of the fact that he had been allowed to rest for several years under the belief that he was released, while in the meantime all his co-obligors had become insolvent, so that he would have been defeated in his right of contribution if compelled to pay.

In the case at bar there is no new consideration arising in any sense of the term to support the oral discharge. The debt was due and the original judgment was not controverted. He was liable for it all, and according to his own testimony, he paid the $175. It is unfortunate that he did not have the agreement reduced to writing and have taken a written discharge.

Where there is no new consideration for a discharge the agreement must be in writing and the intention of the parties must be expressed in writing in order to be effective. See Branch v. Jarrett, 2 Hig., 419;

Simpson v. Moore, 6 Bax., 371. Hence, there is no evidence to support the judgment, and it results that the assignments three and four must be sustained.

It is insisted by the defendant that there is no evidence to sustain the plaintiff's action in that he did not introduce in evidence the execution or a copy of the original justice's judgment. This would be true, had not counsel for both sides made statements in open court: In response to the court's inquiry, counsel for the plaintiff stated that this was a suit based on a magistrate's execution to renew a judgment, that the original judgment was for $288.50, with interest of $109.50, and costs .50 cents, totaling $398.50, with a credit on July 3, 1920, of $175.00, leaving a balance due on said judgment of $223.50, for which this suit was brought and that he had an execution in his hand and offered it in evidence, and did not care to introduce any further proof. Thereupon, counsel for the defense stated that the judgment had been compromised, settled and paid in full; that the plaintiff had taken judgment in a Magistrate's court against defendant and others as sureties on a note, and garnishment proceeding had been served on his employer, the Park Drug Company, and he then proceeded to detail the proceedings, as hereinabove set out. The defense was in the nature of a plea of confession and avoidance and cast the burden of proof upon the defendant. Parties are bound by the statement of their counsel made in open court, and the case clearly comes within the principles laid down in the cases of Utley v. Railroad, 106 Tenn., 242, and Fuller v. Jackson, 62 S. W., 274; hence, we think there is nothing in this contention.

It is insisted by the defendant that under Shannon's Code, section 5252, an appeal or certiorari brings up the whole case in a garnishment proceeding, and that the garnishment proceeding was wrongly styled in the circuit court; that it should have been styled A. M. Tippett v. Charles T. Shaw, and not A. M. Tippett v. Park Drug Company; as under the law it was a continuation of the original proceedings; that the judgment for $175 was in accordance with the compromise agreement, and as the execution docket showed that "this judgment had been satisfied in full by payment of $175," there was sufficient record evidence of the release to be effective in this case. Our Supreme Court did hold in the case of Kaylor v. Brunswick Bros., 6 Heisk., 235, that the proceeding against the garnishee is not a distinct suit but is an incidental proceeding in the original cause for the purpose of obtaining satisfaction of a subsisting judgment against the defendant, and that the defendant where the garnishee appeals, may show such judgment to be erroneous by showing that the plaintiff had no right to apply such debt to his use, that is, he may show that the judgment has been paid. But we fail to see how this proposition could help the defendant in this case, as the judgment in the garnishment proceedings shows that

it is styled A. M. Tippett v. Park Drug Company, and that the case came on to be heard upon the evidence and argument of counsel from which the court found the matters in controversy in favor of the plaintiff, and was of the opinion that the defendant was indebted to the plaintiff in the sum of $175, and adjudged that the plaintiff recover of the defendant $175. These declarations are plain and unambiguous, and oral testimony is not admissible for the purpose of contradicting or impeaching or correcting the judgment except for fraud, accident or mistake. Hence, we are of the opinion that there is nothing in this contention.

It is further insisted by the defendant that the original garnishment judgment was not properly introduced in evidence and therefore, there is nothing to show that the oral testimony contradicts the judgment. We cannot assent to this proposition. The garnishment judgment was read in evidence by counsel for the plaintiff, without objection. It was the judgment of the third circuit court of Davidson county, which is considered the same court that tried this case. A judgment may be produced for the inspection of the court and read in evidence when such judgment becomes relevant in another action. See Jones on Evidence in Civil Cases (3 Ed.), sec. 622.

The first, third and fourth assignments of error having been sustained, it results that the judgment of the trial court must be reversed, and judgment entered in this court. See Smith v. Hubbard, 85 Tenn., 306; Glasgow v. Turner, 91 Tenn., 167. It is therefore, adjudged that plaintiff, A. M. Tippett, recover of defendant, Charles T. Shaw, the sum of $223.50, and interest thereon from October 9, 1925, and the cost of the cause including the cost of the appeal, for all of which execution may issue.

Faw, P. J., and DeWitt, J., concur.