H. A. WINER, COMPLAINANT, APPELLANT, *v.* J. H. WIL-
LIAMS *et al.,* DEFENDANTS, APPELLANTS.*

(*Knoxville,* September Term, 1932.)

Opinion filed November 26, 1932.

---

*As to necessity of consideration for release, see annotation in 53
A. L. R., 1441; 6 R. C. L., 650; R. C. L. Perm. Supp., p. 1781; R. C. L.
Pocket Part, title "Contracts," section 63; 23 R. C. L. 379.

As to necessity of consideration for agreement to enforce reduction
of rent, see annotation in 43 A. L. R., 1478; 16 R. C. L., 924; R. C. L.
Perm. Supp., p. 4165.

CANTRELL, MEACHAM & MOON, for complainant, appellant.

G. W. CHAMLEE, for defendants, appellees.

MR. JUSTICE McKINNEY delivered the opinion of the Court.

By the bill complainant seeks to recover rent alleged to be due and unpaid upon a lease of a one-story brick store building in the City of Chattanooga.

The chancellor dismissed the bill, and his decree was affirmed by the Court of Appeals. Upon petition, we granted the writ of *certiorari,* and the cause has been argued at the bar of this court.

On September 1, 1926, complainant, by a written contract, leased this building to defendants, J. H. Williams, Summerfield Williams, and Albert Williams, for a term of three years. The stipulated rental was $100 per month for the first year, and $125 per month for the second and third years.

The chancellor and the Court of Appeals concurred in finding that at the expiration of the first year, upon com-

plaint of defendants that business was unsatisfactory, complainant agreed to modify the rent for the two remaining years to $100 per month, and that complainant was paid and received that sum without demanding more until the expiration of the lease and the surrender of the premises by defendants, when he filed the bill herein to recover the additional $25 per month for the last two years of the lease. The complainant denied that he made any such agreement, and insisted that he received the sums paid on account only and not in full settlement of what was due him, and did not press defendants for the balance on account of economic conditions. These payments were made by checks which did not show upon their face what they were for. It was further insisted that if an oral agreement to reduce rent was made, it was void because without consideration.

Section 5570 of Shannon's Code is as follows: "All receipts, releases, and discharges in writing, whether of a debt of record or a contract under seal, or otherwise, shall have effect according to the intention of the parties thereto."

Construing this section, it has been repeatedly held that an oral release or discharge, without consideration, is void. *Miller* v. *Fox,* 111 Tenn., 336; *Bank* v. *Shook,* 100 Tenn., 436; *Simpson* v. *Moore,* 55 Tenn., 371; *Richardson* v. *McLemore,* 54 Tenn., 586; *Smith* v. *Harris,* 35 Tenn., 553.

In 36 Corpus Juris 345-346, under the title "Landlord and Tenant," it is said:

"Subject to the rules applicable to the modification of leases in general, rent may be increased or reduced in amount by the express or implied agreement of the parties, if based upon a sufficient consideration. . . .

"A consideration is necessary to support the modified or new agreement operating to change the amount of rent required to be paid by the terms of the lease, and where there is no consideration for the modification, the original rent for the remainder of the term may be recovered after acceptance of a less amount for intervening periods."

This is almost a universal rule, as will be seen from the list of cases collected in 43 A. L. R., beginning on page 1478.

Counsel for defendants relies upon the cases of McKenzie et al. v. Harrison et al., 120 N. Y., 260, 265-266, and Bowman v. Wright, 65 Nebr., 661, 663. In the first of these cases the annual rental of $4500 was reduced by verbal agreement to $3500, or $875, payable each quarter. At the end of each quarter defendants paid plaintiffs $875, and the plaintiffs executed and delivered them a receipt for the amount "in full for balance of rent due on that date as per agreement 'until times are better.'" In a suit to recover the balance due under the original contract the testimony as to the new oral agreement was objected to on the ground that it tended to vary or contradict the written contract. The court held it competent to establish a gift. In the opinion it was said:

"There undoubtedly is a distinction between releases under seal and an ordinary receipt given on the payment of a sum of money which is not under seal, the latter being subject to explanation and proof showing that it was given without consideration.

"But even though there may not be an accord and satisfaction, there may be a gift, and the receipt may be evidence of such gift. A gift is a voluntary transfer of any property or thing by one to another without con-

sideration. To be valid it must be executed. There must be a delivery by the donor such as will place the property or thing given under the control of the donee, and there must be an intent to vest the title in him. Actual and personal delivery by the donor is not always necessary, for when another person is the custodian an order of the donor to deliver to the donee may constitute a gift. It may be oral or in writing. No formal words or expressions are required. It is a question of intent, and the inquiry is as to what was intended by that which was said and done. A promissory note or other evidence of debt may be the subject of a gift, and the delivery of the note or of the evidence of debt is evidence tending to show an intent to give. A debt may be forgiven and a receipt in full may be evidence of such foregiveness. (2 Schoulder on Per. Prop., 68-90; Bishop on Cont., section 50.)''

. Independently of the question of gift, such a discharge under our statute would relieve the lessee of further liability.

In the Nebraska case it was said: ''At any time before breach the parties may change the terms of a written contract by a subsequent parol agreement. *Delaney* v. *Linder*, 22 Nebr., 274. And such subsequent agreement requires no new consideration.''

This holding is opposed by practically all of the authorities, and is in direct conflict with our decisions referred to hereinabove.

A gift is neither alleged in the answer nor proven, but the defense is predicated solely upon the alleged agreement to reduce rent.

Being of the opinion that this agreement is void for want of consideration, it follows that the decree of the Court of Appeals will be reversed, and a decree will be

entered in favor of complainant against the three above named defendants for $600, with interest from the date on which the bill was filed. Since the equities are with the defendants, the complainant will be taxed with all of the costs.

The other courts having found that when Charles Williams entered the partnership on March 1, 1929, complainant stated to him that the rent was $100 per month, which he paid, he is not indebted to complainant in any amount, and as to him the bill will be dismissed.